■ ALFRED T. DE MARIA, Appellant, v. IRA M. JOSEPHS, Respondent.— In an action to recover damages for libel and slander, plaintiff appeals from so much of an order of the Supreme Court, Queens County, entered March 31, 1972, as, upon reargument, adhered to the original decision (1) granting defendant's motion to dismiss the complaint to the extent of dismissing the second cause of action (libel) for failure to state a cause of action (CPLR 3211, subd. [a], par. 7), (2) severing that cause and (3) directing defendant to answer the first cause (slander). Order reversed insofar as appealed from, with $20 costs and disbursements, and defendant's motion to dismiss the complaint denied as to the second cause of action. Defendant's time to serve an amended answer is extended until 20 days after entry of the order to be made hereon. It was error to dismiss the second cause of action on the ground that the allegedly libelous writing did not refer to plaintiff or to anyone in particular. Since it is unnecessary for the maintenance of a libel action that the plaintiff be specifically named in the publication, the only question is whether plaintiff can establish that the article referred to him. The allegations of the complaint detail a course of direct dealing between the parties and a statement defamatory of plaintiff made by defendant only a week or two prior to the instant publication (the prior statement constitutes the subject of the first cause of action). In addition, it is clear from a reading of the entire writing that the particular statement complained of may well relate to plaintiff and/or the Board of Managers, of which plaintiff is president. Therefore, we cannot say, as a matter of law, that it would be impossible or improbable for any reasonable reader to relate the writing to the prior defamatory remarks so as to involve plaintiff. This being the case, the question of application is one of fact and must be left for trial (see *Kern* v. *News Syndicate Co.*, 6 A D 2d 404). Furthermore, since the motion to dismiss was addressed to the complaint as a whole, it should have been denied in its entirety once the first cause of action was sustained, without consideration of the legal sufficiency of the second cause of action (*Griefer* v. *Newman*, 22 A D 2d 696). Hopkins, Acting P. J., Munder, Latham, Gulotta and Benjamin, JJ., concur.

■ IRVING FRIEDMAN, Appellant, v. CITY OF NEW YORK et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals (1) from an order of the Supreme Court, Queens County, dated November 2, 1970, which denied his motion to vacate the dismissal of the action and to restore the action to the trial calendar and, (2) as limited by his brief, from so much of a further order of the same court, dated February 23, 1971, as, upon reargument, adhered to the original decision. Appeal from order dated November 2, 1970, dismissed as academic, without costs. That order was superseded by the order dated February 23, 1971. Order dated February 23, 1971 reversed insofar as appealed from, and plaintiff's motion to vacate the dismissal of the action and to restore the action to the trial calendar granted, all on condition that plaintiff's attorneys personally pay $50 costs to each respondent appearing separately and filing a separate brief, and without costs otherwise. In our opinion it was an improvident exercise of discretion to refuse to vacate the dismissal of the action on the terms hereinabove mentioned. Hopkins, Acting P. J., Munder, Latham, Gulotta and Benjamin, JJ., concur.