■ GERARD FORD et al., Respondents, v IRA L. LEVINSON, Appellant. — Order of the Supreme Court, New York County (Price, J.), entered March 2, 1982, which in an action seeking damages for libel, converted defendant's motion to dismiss the complaint under CPLR 3211 (subd [a], par 7) into a motion for summary judgment and then denied that motion with leave to renew after discovery proceedings, reversed, on the law, with costs, and the motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) is granted. This libel action has its genesis in a newspaper article attributing certain statements to the defendant with regard to an action previously commenced by the founders of the defunct Fame model agency against Gerard and Eileen Ford, the plaintiffs herein. The defendant, who is an attorney, represented the individuals who sued the Fords and others in the previous action. As set forth in the instant complaint, the defendant said, describing the allegations against the Fords in the previous action: (1) that they personally "sabotaged" Fame Models, Ltd., into bankruptcy; (2) that the plaintiffs personally mismanaged the said agency so as to "capture" its models for themselves; (3) that the plaintiffs "used their positions as stockholders of Fame for their own personal benefit"; and (4) that the plaintiffs created "a vehicle for getting the models away from Elite". Defendant moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) on varied grounds, the most pertinent of which is the claim that the statements attributed to him were absolutely privileged under section 74 of the Civil Rights Law as a "fair and true report of [a] judicial proceeding". The motion was accompanied by an affidavit to which was annexed various documents. Responding affidavits were submitted on behalf of the plaintiffs. The court converted the motion to dismiss into one for

summary judgment, without, however, giving the required notice to the parties (CPLR 3211, subd [c]), and then denied the motion, concluding that factual issues were presented that precluded summary judgment. Section 74 of the Civil Rights Law provides in pertinent part: "A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, * * * This section does not apply to a libel contained in any other matter added by any person concerned in the publication; or in the report of anything said or done at the time and place of such a proceeding which was not a part thereof." In *Holy Spirit Assn. for Unification of World Christianity v New York Times Co.* (49 NY2d 63, 67), the Court of Appeals observed with regard to this section: "For a report to be characterized as 'fair and true' within the meaning of the statute * * * it is enough that the substance of the article be substantially accurate." The court went on to say (p 68): "[T]he language used therein should not be dissected and analyzed with a lexicographer's precision." A comparison of the allegations attributed to defendant in the newspaper article (all of which he denies having uttered) with the allegations set forth in the underlying complaint in the action which was the subject of the article, is persuasive that the statements attributed to the defendant were privileged. The complaint clearly alleges that the Fords were the sole stockholders of Ford Models, Inc., and were in complete control at relevant periods of Fame Models, Ltd., that the corporate defendant in that action did willfully and intentionally interfere with and sabotage the operations of Fame Models, Ltd., to the detriment of Fame Models, Ltd., and to the advantage of Ford Models, Inc., and that the Fords conspired with others for the purpose of diverting assets belonging to Fame Models, Ltd. The complaint is replete with allegations setting forth details by which it is alleged this conspiracy to divert assets and to sabotage the operation of Fame Models, Ltd., were carried out and which attributed to the Fords a significant role in those activities. Of the various statements attributed to defendant and alleged to be defamatory, the only one that does not clearly and directly fall within any of the allegations of the complaint is the statement that Fame Models, Ltd., had been created as "a vehicle for getting the models away from Elite." When this statement is considered, however, in light of the totality of the circumstances presented, we doubt that it can reasonably be considered a separate libel or a comment that affects in a legally significant way the applicability of the privilege set forth in section 74 of the Civil Rights Law. Realistically considered, it constitutes background to the misconduct attributed to the Fords in the complaint rather than a separate and independently defamatory accusation, and comes within the statutory privilege afforded to a "fair and true report" of a "judicial proceeding." Concur — Sandler, J. P., Markewich, Bloom, Fein and Milonas, JJ.