■ Ross M. Branca, Respondent, v Jay P. Mayesh et al., Appellants. — In a defamation action, defendants appeal from an order of the Supreme Court,

Kings County (Pino, J.), dated August 24, 1982, which denied their motion to dismiss the complaint. ¶ Order reversed, on the law and the facts, without costs or disbursements, and motion granted. ¶ Plaintiff, Ross Branca, an attorney, commenced this defamation action against the defendant law firm and one of its members, Jay Mayesh, following a lecture given by Mayesh to about 150 attorneys at a bar association seminar. As part of the lecture on trial strategy and drafting techniques, Mayesh distributed copies of the complaint and excerpts from the trial transcript of an action that his firm had brought against Branca in the Federal District Court. In that action, the instant defendants represented the plaintiff, Daniel Rode, who in seeking to rescind a business agreement with Branca, served a complaint that accused him of fraud and unethical conduct. Following a bench trial, the action was dismissed on the merits (*Rode v Branca*, 481 F Supp 808). In his current action, Branca complains that the materials Mayesh distributed at the lecture included the allegedly defamatory references in the complaint and the trial transcript, as well as several short comments written onto the complaint by Mayesh and repeated orally at the lecture. Typical of the comments were sentences such as: "This is really going overbroad and we failed to prove it", "We lost the case because we couldn't prove what we said" and "Press release, but could we prove it". Defendants subsequently moved to dismiss the action on the ground that the lecture and its material were a "fair and true report" of a judicial proceeding which was absolutely privileged under section 74 of the Civil Rights Law. Special Term denied the motion to dismiss, declaring that defendants had the obligation to excise plaintiff's name and that the comments deprived the report of its "fair and true" status. We reverse. ¶ Section 74 of the Civil Rights Law provides that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding". The privilege with respect to judicial proceedings exists because of "the public interest in having proceedings of courts of justice public, not secret, for the greater security thus given for the proper administration of justice" (*Lee v Brooklyn Union Pub. Co.*, 209 NY 245, 248). While statutory predecessors to section 74 limited the privilege to members of the media who acted without malice, the privilege now extends to "any person", whether or not he acts with malice (*Williams v Williams*, 23 NY2d 592, 597-598). Section 74 protection extends not only to a transcript of the proceeding itself, but also to any pleading made within the course of the proceeding (*Campbell v New York Evening Post*, 245 NY 320). ¶ Plaintiff argues, however, that the case fits within the exception carved out by the Court of Appeals in *Williams v Williams* (*supra*). There, defendant was accused of instituting an action for the sole purpose of republishing the libelous statements set forth in the complaint by distributing copies of the complaint to people involved in plaintiff's industry. The court ruled that the *Williams* defendant could not avail himself of the protection of section 74 since it was inconceivable that the Legislature intended to sanction "an ingenious means of defamation" or to "protect [a] perversion of judicial proceedings" (*Williams v Williams, supra,* pp 598-599). *Williams* is inapplicable here in the absence of any allegation that the District Court action was brought maliciously and solely for the purpose of later defaming the plaintiff. Assuming, then, that the District Court action was commenced for the legitimate purposes of defendants' client, a "fair and true report" of the proceeding may be published by "any person", including those connected with the suit. If *Williams* (*supra*) is interpreted as denying a privilege under the instant circumstances, section 74 protection would extend only to persons disinterested in the lawsuit which was being reported, a premise inconsistent with the broad terms of the statute (see *Glantz v Cook*

*United,* 499 F Supp 710, 715; *The Savage Is Loose Co. v United Artists Theatre Circuit* 413 F Supp 555, 561). Since the lecture served valid educational purposes, we also disagree with Special Term's conclusion that the publication was not made in the public interest. If a report falls within the scope of section 74, there is no requirement that names be deleted in order to retain the privilege. ¶ We also reject plaintiff's contention that the report cannot be regarded as "fair and true" in view of the comments Mayesh added to it. For a report to be characterized as "fair and true", "it is enough that the substance of the article be substantially accurate" and the language "should not be dissected and analyzed with a lexicographer's precision" (*Holy Spirit Assn. for Unification of World Christianity v New York Times Co.,* 49 NY2d 63, 67-68; see *Gurda v Orange County Pub. Div. of Ottaway Newspapers,* 56 NY2d 705). Since the comments do not deprive the report of its substantial accuracy and cannot reasonably be considered a separate defamatory accusation, they do not remove the materials distributed at the lecture from the protection of section 74 (see *Sprecher v Dow Jones & Co.,* 88 AD2d 550, affd 58 NY2d 862; *Ford v Levinson,* 90 AD2d 464). Lazer, J. P., Bracken, Brown and Niehoff, JJ., concur.