Sean M. McNALLY and Janet McNally, Plaintiffs,

v.

James YARNALL and the Metropolitan Museum of Art, Defendants.

No. 90 Civ. 3076 (RWS).

United States District Court, S.D. New York.

May 13, 1991.

Stryker, Tams & Dill, New York City, for plaintiffs; Burtis W. Horner, Christopher W. Hyde and Scott B. Stolbach, of counsel.

Lord Day & Lord, Barrett Smith, New York City, for defendant The Metropolitan Museum of Art; John J. Loflin and M. Breeze McMennamin, of counsel.

Berger Steingut Tarnoff & Stern, New York City, for Defendant James Yarnall; Theodore S. Steingut, Peter R. Stern and Jonathan A. Olsoff, of counsel.

## OPINION

SWEET, District Judge.

Plaintiffs Sean and Janet McNally (the "McNallys" or "McNally") have moved pursuant to Rule 15(a) Fed.R.Civ.P. for leave to amend their complaint in their defamation action against James Yarnall ("Yarnall") to include as a defendant Yarnall's lawyer Peter R. Stern ("Stern"), and the law firm of Berger & Steingut, based on certain allegedly libelous statements made by Stern. For the reasons set forth below, the motion is denied.

## THE PARTIES

The McNallys are residents of the State of New Jersey, and, for the past fourteen years, have been engaged in the purchase and sale of the works of the artist John La Farge ("La Farge"). McNally is also currently writing a book on La Farge and the history of his works. The McNallys have offered certain of their art works for sale through the Graham Gallery in New York City and at an exhibition of La Farge works sponsored by the William Vareika Fine Arts Gallery ("Vareika") in Newport, Rhode Island. In the past several years, articles in *The New York Times* and in *The Los Angeles Times*, as well as Associated Press wire service stories have mentioned or quoted McNally on the subject of stained glass and notified the public of upcoming lectures by McNally on La Farge.

Yarnall is a resident of the District of Columbia. An art historian specializing in the works of La Farge, he holds Ph.D. and M.A. degrees in art history from the University of Chicago. Yarnall also has a B.S. Equivalent certificate of Accomplishment in computer programming from the Graduate School of the U.S. Department of Agriculture in Washington, D.C. Yarnall operates a company called Museum Systems Enterprises ("MuSE"), which provides computer database services to various museums.

Stern, a New York resident, is Yarnall's lawyer and a partner in the firm of Berger & Steingut, a partnership with offices in New York City.[1]

The Museum is a not-for-profit corporation organized under the laws of the State of New York and located in Manhattan.

## PRIOR PROCEEDINGS

The McNallys commenced this defamation and tortious interference with business relations action in the United States District Court for the District of New Jersey on November 27, 1989. By order of April 23, 1990, the New Jersey District Court transferred the action to the Southern District of New York pursuant to 28 U.S.C. § 1406(a). The New Jersey District Court issued the order of April 23 in lieu of granting a motion by Yarnall, a resident of the District of Columbia, to dismiss as to him for lack of jurisdiction.

1. As of November 1, 1990, Berger & Steingut's name was changed to Berger Steingut Tarnoff & Stern.

On August 2, 1990, the Museum filed its motion for summary judgment. The parties agreed to an adjournment of the motion until December 7, 1990 to accommodate the scheduling of discovery. A subsequent agreement adjourned the return date of the motion to February 11, 1991, when oral argument was heard. In an opinion of May 9, 1991, this court granted the Museum's summary judgment motion. 764 F.Supp. 838.

On December 31, 1990, the McNallys filed this motion to amend. On that same date, the McNallys filed a libel action against Stern in New York State Court. The state court libel action is based on the same alleged statements that are put forth here as grounds for amending the complaint.

Oral argument on the motion to amend was heard on February 15.

## THE FACTS

The facts in the underlying action are set forth in this court's opinion of May 9 granting the Museum's summary judgment motion (the "Opinion"), familiarity with which is assumed for the purposes of the instant motion.

Shortly after the McNallys commenced their action in the District Court of New Jersey, Yarnall retained Stern as counsel.

On December 20, 1989, Christopher Kilbourne, a reporter for *The Record*, a New Jersey newspaper, contacted Stern to interview him for an article about the McNallys' lawsuit. During the course of the interview, which lasted approximately 25 minutes, Stern is alleged to have made certain statements that appeared in the *Record* in an article published on December 31, 1989. The article included a discussion of the claims and defenses of the parties, as well as of the debate over the authentication of stained glass windows believed to be by the artist John La Farge ("La Farge"), an issue in the McNallys' defamation action.

The article contains several statements by Stern. Stern is quoted as saying that although Yarnall has not specifically said that the windows owned by the McNallys are not by La Farge, Yarnall "certainly is not persuaded that they should be included in the [Catalogue Raisonne] and given the seal of authenticity." Stern is further quoted as saying that McNally has a "houseful of quasi-La Farges."

## DISCUSSION

### Standard for Motion to Amend

Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." The Supreme Court has, however, interpreted Rule 15 to permit such amendments only when the party seeking the amendment (1) has not unduly delayed, (2) is not acting in bad faith or with a dilatory motive, (3) when the opposing party will not be unduly prejudiced by the amendment, and (4) when the amendment is not futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis. *See, e.g., S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir.1979); *Freeman v. Marine Midland Bank–New York*, 494 F.2d 1334, 1338 (2d Cir.1974). Thus, if the alleged statements are protected by a privilege either under the Constitution or under New York law, amendment to the complaint would be futile as the cause of action pleaded would not survive a motion to dismiss, and leave to amend should therefore be denied.

### The Privilege Conferred by The New York Civil Rights Law

Section 74 of the New York Civil Rights Law (McKinney's 1991) provides, in pertinent part, that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding ... which is a fair and true headnote of the statement published." Thus, the question becomes whether Stern's alleged statements that the McNallys owned "a houseful of quasi-La Farges" constitutes a "fair

and true report" of a judicial proceeding within the meaning of § 74.

 New York courts have extended the privilege to comments made by attorneys to the press in connection with the representation of their clients. *Branca v. Mayesh*, 101 A.D.2d 872, 476 N.Y.S.2d 187 (2d Dep't 1984); *Ford v. Levinson*, 90 A.D.2d 464, 454 N.Y.S.2d 846 (1st Dep't 1982). The privilege does not extend, however, to parties who maliciously institute a proceeding alleging false and defamatory charges and publicize them in the press. *Williams v. Williams*, 23 N.Y.2d 592, 298 N.Y.S.2d 473, 246 N.E.2d 333 (1969).

In *Ford*, the plaintiff filed a libel action against defendant, an attorney, based on statements that the attorney had made to the press in connection with an earlier action commenced against plaintiff on behalf of the defendant's clients. The court dismissed the libel action against the attorney, on the grounds that the attorney's comments were a fair representation of his clients' claims against Ford, and therefore were absolutely privileged under § 74.

In *Martin v. Beigel*, 15 Med.L.Rptr. 2261 (Sup.Ct.Columbia Cty.1988), the court made a similar finding of absolute privilege based on § 74. In *Martin*, the defendant attorneys had filed an action in federal court containing allegations of fraud, misrepresentation, improper use and appropriation of funds, and violations of the securities laws. After the filing of the suit, the defendants made several statements to the press and issued a press release. These statements were the subject of a libel action in state court, which action the court dismissed. The court held that the allegedly libelous statements fell within the privilege conferred by § 74 where "it appears that all of the statements published by the defendants are of and concerning the complaint in the underlying federal litigation, and constitute substantially accurate descriptions or characterizations of such complaint." *Id.* at 2663.

 Stern's alleged statements at issue in the instant case are similarly statements relating to the underlying litigation. Stern's statement that the McNallys own a

"houseful of quasi-La Farges" relates directly to a possible position to be taken by Yarnall as a defense to McNally's charges, namely, that Yarnall's allegedly defamatory statements as to the authenticity of the disputed works of art were true, and that the disputed works were really not by La Farge. Stern in his alleged statement was merely restating his client's position in defending the action.

Stern's situation is further to be distinguished from the situation that the rule in *Williams* seeks to avoid. Unlike the attorneys in *Williams, Ford,* or *Martin*, Stern did not initiate the underlying action. He did not seek publicity for the action by holding a press conference on the allegations; his comments were instead solicited. The alleged statements appeared in an article that gave balanced treatment to both sides of the controversy and clearly identified Stern as Yarnall's lawyer. The effect of the alleged libel in these circumstances was therefore far less than the possible effect of statements that were held privileged in *Ford* or *Martin*.

## CONCLUSION

For the reasons set forth above, Sterns' alleged statement falls within the absolute privilege conferred by § 74 of the New York Civil Rights law. The proposed amendments to the complaint would not survive a motion to dismiss, and therefore amendment would be futile. Accordingly, the motion for leave to amend is denied.

It is so ordered.