■ ARROW COMMUNICATIONS LABORATORIES, INC., Doing Business as ARCOM, Appellant, v PICO PRODUCTS, INC., Respondent. [606 NYS2d 114] —Order modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff sued defendant in an action arising out of a license agreement that granted plaintiff the right to use defendant's patent in exchange for royalties. After defendant informed plaintiff that it was terminating the agreement, plaintiff unsuccessfully sought a preliminary injunction. Thereafter, defendant issued a news release that disclosed the substance of the license agreement and stated that a lawsuit had been brought by plaintiff against defendant in connection with such agreement. The second sentence of the news release stated that the license "ha[s] been terminated", and a subsequent sentence, in referring to the denial of the preliminary injunction, said "[t]his means that [plaintiff] is no longer authorized to manufacture or sell any [prod-

ucts] covered by [defendant's] patent." Plaintiff then served an amended complaint upon defendant adding a cause of action for defamation. Supreme Court granted defendant's motion to amend its answer to include, *inter alia,* the affirmative defense that the alleged defamatory material was protected by Civil Rights Law § 74 and also granted defendant summary judgment dismissing plaintiff's defamation cause of action.

Supreme Court properly held that, except for the first and last sentences, the news release was protected by Civil Rights Law § 74 as a "fair and true report of [a] judicial proceeding" *(see generally, Holy Spirit Assn. for Unification of World Christianity v New York Times Co.,* 49 NY2d 63).

Supreme Court erred, however, in holding that the first and last sentences constituted opinion and were, therefore, protected. In considering whether a statement is protected opinion or fact, "[t]he dispositive inquiry, under either Federal or New York law, is 'whether a reasonable [reader] could have concluded that [the article was] conveying facts about the plaintiff' " *(Gross v New York Times Co.,* 82 NY2d 146, 152, quoting *600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130, 139, *cert denied* — US —, 113 S Ct 2341). Both of the sentences in the news release have a precise and readily understood meaning, are capable of being proven true or false, and the full context of the communication in which the statements appear do not " ' "signal [the] readers * * * that what is being read * * * is likely to be opinion, not fact" ' " *(Gross v New York Times Co., supra,* at 153, quoting *Steinhilber v Alphonse,* 68 NY2d 283, 292). The first and last sentences in the news release, read in context, convey the unmistakable impression that they are statements of fact. Because those statements mislead the reader regarding the finality of the license termination, they are not protected either as opinion or by the Civil Rights Law. We modify the order appealed from, therefore, by reinstating plaintiff's sixth cause of action.

All concur except Lawton, J., who dissents in part and votes to affirm for reasons stated in decision at Supreme Court, Stone, J. (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Dismiss Cause of Action.) Present—Pine, J. P., Balio, Lawton, Doerr and Boehm, JJ.

without costs and judgment granted in accordance with the following Memorandum: Supreme Court should have granted judgment in favor of defendant. Although Supreme Court failed to rule on defendant's cross motion, it is deemed denied *(see, Brown v U.S. Vanadium Corp.,* 198 AD2d 863). We reverse the order insofar as appealed from, therefore, and grant judgment declaring that the policy of automobile liability insurance issued to defendant's insured, Ivanora Rurka, does not cover the vehicle operated by her son. That vehicle was available for the regular use of the son of the named insured and it was not used by the named insured or her spouse; thus, policy exclusion B (3) (b) in Part A applies. We find plaintiff's arguments to be without merit. (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Summary Judgment.) Present—Pine, J. P., Balio, Lawton, Doerr and Boehm, JJ.