■ GLENDORA, Appellant, v GANNETT SUBURBAN NEWSPAPERS et al., Respondents. [608 NYS2d 239] —In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Westchester County (Burrows, J.), entered April 30, 1992, which granted the defendants' motion to dismiss the complaint, and denied the plaintiff's cross motion for leave to enter a default judgment against them.

Ordered that the order is affirmed, with costs.

This action was commenced by the plaintiff against a newspaper based on an article which reported a previous lawsuit between the plaintiff and the newspaper, and the court's decision dismissing her complaint in that case. A comparison between the article and the court's decision reveals that it was substantially accurate and therefore a "fair and true" report of a judicial proceeding within the meaning of Civil Rights Law § 74 (see, Holy Spirit Assn. for Unification of World Christianity v New York Times Co., 49 NY2d 63, 67; Branca v Mayesh, 101 AD2d 872, 874). Contrary to the plaintiff's contentions, the accuracy of the report was not altered merely because the article did not contain the plaintiff's "side of the Judge's decision". Similarly, the fact that the article did not report that the plaintiff appealed from the court's decision does not alter the accuracy of the newspaper's report on that decision. The isolated statement that the plaintiff "could not be reached for comment yesterday", even if untrue, does not deprive the report of its substantial accuracy, as it had nothing to do with the accuracy of the report of the judicial proceeding. In any event, we do not find that these words, considered in the context of the entire publication, are reasonably susceptible of a defamatory connotation. Accordingly, these words are not actionable as a libel separate and independent of the privileged report of the judicial proceeding (see, Aronson v Wiersma, 65 NY2d 592, 593).

The plaintiff's allegations regarding the newspaper's "malicious" publication of the article are also without merit. Since the report is "fair and true", the privilege set forth in Civil Rights Law § 74 is absolute, and is not defeated by the presence of malice or bad faith (see, Branca v Mayesh, 101 AD2d 872, 873, affd 63 NY2d 994, supra; Gurda v Orange County Publs. Div., 81 AD2d 120, 122-123 [Mollen, P. J., Titone, J., concurring in part and dissenting in part], revd 56

NY2d 705 *on concurring in part and dissenting in part opn at App Div).*

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.