■ Cameron Cuthbert, Respondent, v National Organization for Women, Also Known as NOW, Defendant, and Sue S. Larsen et al., Appellants. [315 NYS2d 534] —Mercure, J. P. Appeal from an order of the Supreme Court (Harris, J.), entered October 28, 1993 in Albany County, which, *inter alia,* partially denied certain defendants' motions for summary judgment dismissing the complaint against them.

During the fall of 1991, defendant Tracy Malfetano, a

student at Rensselaer Polytechnic Institute (hereinafter RPI) in the City of Troy, Rensselaer County, made an allegation that she had been raped by plaintiff, also an RPI student. Rather than report the matter to the police, Malfetano initiated disciplinary charges against plaintiff before RPI's Judicial Board. Apparently, although the Judicial Board conducted a hearing, made findings of violation of the RPI disciplinary rules and imposed severe sanctions, plaintiff's appeal to the RPI Review Board resulted in a lifting of the sanctions, and the Dean of Students chose not to pursue a further appeal to RPI's President. Dissatisfied with RPI's handling of the matter, on January 27, 1992 defendant Sue S. Larsen, local president and spokesperson for defendant National Organization for Women (hereinafter NOW), issued a press advisory informing area media representatives of a press conference to be conducted the following day at the law offices of defendant Walter, Thayer and Mishler, P. C. (hereinafter the law firm). Although not naming plaintiff, the press advisory indicated that Malfetano had been raped by a young man who was an RPI student and a "Division I athlete". Further information disseminated at the press conference disclosed that the "rapist" was a member of RPI's hockey team and that Malfetano had commenced a civil action against him. It appears that, armed with this information, media representatives were able to ascertain plaintiff's identity from papers on file in a pending Supreme Court action, resulting in extensive publicity identifying plaintiff as the alleged rapist.

As a result, plaintiff commenced this action against NOW, Larsen, Malfetano, the law firm and one of the law firm's principals, defendant Mark S. Mishler, asserting causes of action for defamation, violation of plaintiff's right to privacy and malicious institution of a judicial proceeding. Following joinder of issue, Larsen, Malfetano, the law firm and Mishler (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them. Supreme Court granted the motions only to the extent of dismissing the second cause of action. Defendants appeal the denial of their motions with regard to the first and third causes of action.

Initially, we agree with Supreme Court's denial of defendants' motion for summary judgment dismissing the first cause of action, alleging defamation. Although the primary focus of the press advisory and additional writings forming the basis for the first cause of action was RPI's handling of the disciplinary proceeding against plaintiff, the fact remains

that the documents also clearly and unequivocally accuse plaintiff (or a person who could easily be identified as plaintiff) of rape and are thus defamatory. In that connection, the advisory does not speak of a young woman who reports, alleges or has made an accusation that she was raped; rather, it states that "a young woman was raped by a young man" and the purpose of the upcoming press conference was stated to be to "review the justice [she] received when she was raped by a fellow student".

The fact that the material did not identify plaintiff by name does not preclude his maintenance of a defamation cause of action (see, Lesyk v Putnam County News & Recorder, 164 AD2d 881, 882; De Maria v Josephs, 41 AD2d 655). To the contrary, plaintiff need merely show that the press advisory and press conference referred to him (see, De Maria v Josephs, supra). Further, the fact that members of the press were able to ascertain plaintiff's identity through the records of a pending lawsuit by no means triggers the common-law privilege extended to statements alleged in a complaint in a judicial proceeding (cf., Vevaina v Paccione, 125 AD2d 392, 393, lv denied 69 NY2d 607) or the protection that Civil Rights Law § 74 affords true and fair reports of a judicial proceeding. Plaintiff's first cause of action is not founded upon any statement contained in a pleading or affidavit filed in the civil action against plaintiff or any report of such proceeding. Rather, it is predicated upon accusations of rape made in the press advisory and at the press conference.

We agree with defendants, however, that plaintiff's third cause of action, for "maliciously instituting a judicial proceeding alleging false and defamatory charges", should have been dismissed. Insofar as this cause of action attempts to sue under either a theory of malicious prosecution or abuse of process, the facts alleged negate necessary elements of both torts. A claim for malicious prosecution may not be maintained in the absence of a criminal proceeding that terminated in plaintiff's favor (see, Colon v City of New York, 60 NY2d 78, 82). Similarly, the service of a mere summons and complaint, even if done with malicious intent, may not support a cause of action for abuse of process (see, Curiano v Suozzi, 63 NY2d 113, 116; Stroock & Stroock & Lavan v Beltramini, 157 AD2d 590, 591). Further, the facts alleged in the complaint and as established on the motions for summary judgment do not fall within the narrow exception to the privilege afforded by Civil Rights Law § 74, as enunciated in Williams v Williams (23 NY2d 592, 599). In fact, as previously

stated, because none of the defendants made any "report of [a] judicial proceeding" within the purview of Civil Rights Law § 74, that statutory provision has no application to this action. As a final matter, we do not in any event view the Court of Appeals' decision in *Williams v Williams (supra)* as creating an independent cause of action.

Crew III, White and Yesawich Jr., JJ., concur.

Casey, J. (concurring in part and dissenting in part). The first cause of action in plaintiff's complaint should be dismissed because its allegations rely exclusively upon privileged material to establish an essential ingredient of the defamation cause of action. The accusations of rape made in the press advisory and at the press conference clearly constitute the requisite defamatory meaning, but plaintiff also bears the burden of pleading and proving that the defamatory meaning attached to him *(see, Bee Publs. v Cheektowaga Times,* 107 AD2d 382, 384; *see also, Springer v Viking Press,* 60 NY2d 916). It is undisputed that none of the accusations made in the press advisory and at the press conference identified plaintiff as the alleged rapist. The material distributed by defendants at the press conference did, however, contain a letter which referred to a civil action commenced by defendant Tracy Malfetano and, after the press conference, Malfetano stated in response to a reporter's question that she had commenced a civil action. These two references to the existence of a civil action serve as the sole basis for plaintiff's allegation that the defamatory meaning of the accusations of rape attached to him. According to plaintiff, media representatives identified him as the alleged rapist by visiting the Rensselaer County Clerk's office where the relevant papers in the action had been filed.

It is my view that the references to the existence of a civil action constitute true and fair reports of a judicial proceeding which are subject to the privilege contained in Civil Rights Law § 74 *(see, Ford v Levinson,* 90 AD2d 464; *see also, Branca v Mayesh,* 101 AD2d 872, *affd* 63 NY2d 994). Without the references at the press conference to the pending action, the accusations of rape do not defame plaintiff because plaintiff does not allege any other means by which the defamatory meaning attached to him. Had defendants issued the press advisory and used the press conference for the sole purpose of publicizing the allegations of rape contained in the pleadings in the civil action commenced by Malfetano against plaintiff, the privilege created by Civil Rights Law § 74 would apply and the only issue would be whether the exception to the

statutory privilege carved out by *Williams v Williams* (23 NY2d 592, 599) should apply. I see no reason to reach a different conclusion where, as here, defendants publicized other material, but the only means by which plaintiff claims the defamatory material attached to him was through defendants' publication of the existence of the pending civil action. Accordingly, because plaintiff's allegations are insufficient to meet the *Williams* exception, I would dismiss the complaint in its entirety.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions by defendants Sue S. Larsen, Tracy Malfetano, Walter, Thayer and Mishler, P. C. and Mark S. Mishler, for summary judgment dismissing plaintiff's third cause of action; motions granted to that extent, summary judgment awarded to said defendants and the third cause of action is dismissed; and, as so modified, affirmed.