**R. Gene SMITH and Turbo Vision Limited Partnership, Plaintiffs,**

v.

**Neil H. KESSNER, Richard C. O'Connor, Neil H. Kessner and Associates, Steven M. Durels, the Empire State Building Company and Stephen A. Tole, Defendants.**

**No. 97 CIV. 4894(SHS).**

United States District Court, S.D. New York.

Dec. 3, 1998.

*OPINION*

STEIN, District Judge.

Plaintiffs have moved for leave to amend their complaint to withdraw Turbo Vision Limited Partnership as a party plaintiff. For the reasons set forth below, that motion is denied on the grounds that any such amendment would be futile because, pursuant to Fed.R.Civ.P. 19, Turbo Vision is a necessary and indispensable party to the adjudication of this action. If Turbo Vision is a plaintiff, there is no diversity of citizenship between the parties and this action must be

dismissed for lack of subject matter jurisdiction.

*Facts and Procedural History*

This action arises from the parties' failed attempt at operating a motion simulation theater in the Empire State Building. Plaintiff R. Gene Smith, an investor from Kentucky, formed Turbo Vision, a limited partnership, to serve as the means by which he would invest in the simulated movie ride attraction. Defendants Neil H. Kessner and Richard C. O'Connor are New York attorneys, and defendant Steven M. Durels was formerly employed as vice president of the company that acts as the leasing agent for the Empire State Building. According to the complaint, defendants initially approached representatives of Smith in early April, 1994, in an effort to persuade him to invest in the venture. Plaintiffs claim that in the subsequent negotiations defendants made certain promises that went unfulfilled and representations about the venture that turned out to be either false or misleading. Plaintiffs also contend that they were relying upon these promises when they invested millions of dollars in the venture.

Plaintiffs filed suit in this Court on July 3, 1997. The complaint alleges causes of action against Kessner, O'Connor, and Neil H. Kessner and Associates ("the Kessner defendants") for breach of fiduciary duty, legal malpractice, and violation of N.Y. Judiciary Law § 487; and against the Kessner defendants and Durels for common law fraud.[1]

At the time this lawsuit was filed, one of Turbo Vision's partners was a resident of New York, destroying diversity as between the parties. In an effort to keep the litigation in federal court, in March of 1998 plaintiffs requested leave to amend their complaint to allow Turbo Vision to withdraw from this action but retracted that request two months later claiming that because Smith had bought out the partnership stake of Turbo Vision's New York partner, complete diversity now existed and removing Turbo Vision from the action was not necessary to preserve subject matter jurisdiction.

Plaintiffs subsequently altered their view once more, and now seek leave to allow Turbo Vision to withdraw from this action. In support of their motion, plaintiffs provide financial records that recently "came to light" in the course of discovery which they claim show that Smith alone incurred all the financial losses that were allegedly caused by the defendants' misrepresentations. Plaintiffs now assert that because Turbo Vision sustained no losses as a result of defendants' conduct, it has no cause of action against defendants. However, despite plaintiffs' insistence that Turbo Vision does not have a cause of action arising out of the events that precipitated this case, Turbo Vision did, along with Smith, Simulation Adventures (the limited partnership that actually owns the simulated movie ride attraction) and Tower Partners, Inc. (a New York corporation that holds a lease for the space where the attraction is located), file an action in New York state court against the two former defendants in this case, ESBC and Tole. The state court proceeding is based upon the same transaction as this action and also seeks relief due to alleged misrepresentations by participants in that transaction.

*Discussion*

Leave to amend a complaint pursuant to Fed.R.Civ.P. 15 cannot be granted if the proposed amendment is futile. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). "An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis." *McNally v. Yarnall,* 764 F.Supp. 853, 855 (S.D.N.Y.1991). If this Court were to determine that Turbo Vision is a necessary and indispensable party to this action, then the action could not proceed without Turbo Vision and plaintiffs' proposed amendment would be futile. Thus, this Court's decision on plaintiffs' motion is controlled by a determination, pursuant to Fed.R.Civ.P. 19, of whether or not Turbo Vision is a necessary and indispensable party to this litigation.

---

1. The complaint also alleges causes of action against the Empire State Building Company ("ESBC") and Stephen A. Tole who, upon plaintiffs' motion, have since been dismissed as parties.

A party is a "necessary" party pursuant to Rule 19(a) if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a); *see Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 107–08, 88 S.Ct. 733, 736–37, 19 L.Ed.2d 936 (1968); *Associated Dry Goods Corp. v. Towers Financial Corp.*, 920 F.2d 1121, 1124 (2d Cir.1990). If this Court finds that Turbo Vision is a necessary party, it must then weigh the four factors set forth in Rule 19(b) to determine whether "in equity and good conscience" this action should proceed without Turbo Vision. Fed.R.Civ.P. 19(b); *see Associated Dry Goods*, 920 F.2d at 1124.

■ Turbo Vision is a necessary party to this action pursuant to Rule 19(a)(2)(ii) because failure to include Turbo Vision as a party subjects defendants to the substantial risk of incurring double or multiple obligations. Plaintiffs assert that Turbo Vision cannot state a claim because it incurred no damages as a result of defendants' conduct. To support this contention, plaintiffs provide financial records which show that virtually all the money that was invested in Simulation Ventures was originally invested by Smith personally. However, plaintiffs also admit that much of the money that Smith invested was invested by him through Turbo Vision. Thus, while the money originated with Smith, much of it was actually invested in Simulation Ventures by Turbo Vision itself. *See* Plaintiff's Memorandum at p. 5.

Because Turbo Vision directly invested the money that it received from Smith in Simulation Adventures, it can—and does—allege the same causes of action against the defendants as Smith. The fact that Turbo Vision would be able to bring a separate and independent claim based upon the same facts and allegations asserted in the present action and seeking essentially the same damages that are being sought in this action means that if this action proceeded without Turbo Vision, and Smith were successful, defendants would be subject to multiple obligations on the same claim. *See Rose v. Simms*, 1995 WL 702307, at *6 (S.D.N.Y. Nov. 29, 1995); *Avon Cosmetics (FEBO) Ltd. v. New Hampton, Inc.*, 1991 WL 90808, at *4 (S.D.N.Y.1991). Furthermore, adjudication of these claims by Smith alone could impair Turbo Vision's interests in accordance with Rule 19(a)(2)(ii). If Smith is unsuccessful, it is possible that claims by Turbo Vision would be barred by principles of res judicata and collateral estoppel.

The fact that a state court action has been filed by these same plaintiffs and others against ESBC and Tole further increases the risk to defendants of facing multiple obligations. When ESBC and Tole were defendants in this action, they asserted cross-claims against the Kessner defendants and Durels for indemnification and contribution. It is possible that if the state court action proceeds, ESBC and Tole may seek to implead these defendants into that action as well, creating an even greater risk that defendants will face multiple liability.

■ Having determined that Turbo Vision is a necessary party, we now turn to Rule 19(b) to determine if this action can continue in the absence of Turbo Vision. Rule 19(b) sets forth four factors that a court shall consider when determining if a party is indispensable:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b); *see Associated Dry Goods,* 920 F.2d at 1124. An inquiry pursuant to Rule 19(b) is guided by the court's discretion and the facts of the particular case. *See ConnTech Dev. Co. v. University of Conn. Educ. Properties, Inc.,* 102 F.3d 677, 682 (2d Cir.1996) ("... the language of Rule 19(b) leaves the court with great latitude, and requires a factual determination more than a legal one"); *Envirotech Corp. v. Bethlehem Steel Corp.,* 729 F.2d 70, 75 (2d Cir.1984); *S & S Machinery Corp. v. General Motors · Corp.,* 1994 WL 529867, at *3 (S.D.N.Y. Sept. 28, 1994). The rule does not assign relative weight to any of the factors that are listed, but instead leaves it to the court to determine whether "in equity and good conscience" the case should proceed without the party in question. Fed.R.Civ.P. 19(b); *see Associated Dry Goods,* 920 F.2d at 1124.

The fact that both Turbo Vision and defendants stand to be prejudiced if Turbo Vision is not a party to this action is evidenced by the same factors that made Turbo Vision a necessary party. Without Turbo Vision in the litigation, defendants face a substantial risk of incurring multiple obligations on the same claim. Moreover, Turbo Vision's rights could be prejudiced if Smith is unsuccessful in pressing his claims. Turbo Vision is a separate and distinct entity from the other litigants in this case and it is unclear how this Court could bind it when it is not a party to the action.

The factor that weighs most clearly in favor of dismissal is the availability of an alternate, more appropriate forum for plaintiffs' claims. As noted above, plaintiffs have already filed a state court action against two former defendants in this case, ESBC and Tole, which alleges the same facts and seeks the same damages that are sought in this action. Upon dismissal of this action, plaintiffs would be able to join the defendants in this action as defendants in the state action. One interest to be considered in determining whether an action should be dismissed pursuant to Rule 19(b) is "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Provident Tradesmens,* 390 U.S. at 111, 88 S.Ct. at 739. The intricate transactions that gave rise to this litigation involved numerous parties, only some of which are parties to this action. It is in the best interest of the courts and the public to have this dispute settled in a forum where all the parties involved in the underlying series of transactions—Smith, Turbo Vision, Simulation Adventures, Tower Partners, ESBC, Tole, the Kessner defendants, and Durels—can participate in the litigation. The pending state action presents a forum where adequate relief can be afforded among all the parties in a single court action.

Finally, plaintiffs' actions in this lawsuit also factor into this Court's decision to dismiss this case. Plaintiffs assert that they will be prejudiced by a dismissal because of the time, money, and effort that have already been expended in this action. This argument holds little merit, however, because during the year long period that this action has been pending the only discovery conducted and the only issues considered have concerned whether or not this Court has jurisdiction over plaintiffs' claims. Plaintiffs have already dropped ESBC and Tole as defendants to this action in an attempt to maintain diversity of citizenship. Now, despite having urged as late as May 27 of this year that Turbo Vision be allowed to remain in this action, plaintiffs seek to withdraw Turbo Vision as a plaintiff. This Court declines to grant plaintiffs' request for leave to amend their complaint where it "appears 'to be nothing more than a desperate effort at persuading the [district] court to retain jurisdiction.'" *Lockman Found. v. Evangelical Alliance Mission,* 930 F.2d 764, 772 (9th Cir. 1991) (quoting *Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd.,* 918 F.2d 1446, 1454 (9th Cir.1990)). The situation is similar to that faced by the Second Circuit in *Envirotech,* in which the court wrote:

> Equity and good conscience would seem to require that under circumstances as those present here, parties should present their claims in a state court rather than attempt to manipulate jurisdiction by dropping plaintiffs with a substantial interest in the claim solely for the purpose of retaining jurisdiction in the federal court.

*Envirotech,* 729 F.2d at 76 (quoting *Potomac Elec. Power Co. v. Babcock & Wilcox Co.,* 54 F.R.D. 486, 492–93 (D.Md.1972)).

In sum, this Court finds that Turbo Vision is a necessary and indispensable party to this action pursuant to Fed.R.Civ.P. 19. Accordingly, plaintiffs' motion for leave to amend their complaint to withdraw Turbo Vision as a party would be futile and, therefore, is denied. Because Turbo Vision was a non-diverse party at the time this action was filed, this Court lacks subject matter jurisdiction to hear plaintiffs' claims, and the underlying action is dismissed.