TAREK YOUSSEF HASSAN SALEH, Appellant, v NEW YORK POST et al., Respondents. [915 NYS2d 571]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated May 6, 2009, as granted those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover damages for defamation, and pursuant to CPLR 3211 (c) and 3212 for summary judgment dismissing the amended complaint insofar as asserted against the defendants News America, Inc., and News Corporation.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (c) and 3212 for summary judgment dismissing the amended complaint insofar as asserted against the defendants News America, Inc., and News Corporation, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action, inter alia, to recover damages for defamation. In an amended complaint, he alleged, among other things, that the defendants published a false and defamatory newspaper article (hereinafter the article) describing his involvement in a separate defamation action in which he, and several other parties, had been named as defendants. He identified 13 statements in the article as being false and defamatory in nature, including the headline and the photo caption.

In lieu of submitting an answer, the defendants moved, in effect, pursuant to CPLR 3211 (a) (1) and (7), to dismiss the amended complaint in its entirety, and requested, in the alternative, that the Supreme Court convert the motion, pursuant to CPLR 3211 (c), into one for summary judgment pursuant to CPLR 3212 and award the defendants News America, Inc., and News Corporation summary judgment dismissing the complaint insofar as asserted against them on the ground that they were not proper parties. The defendants argued, among other things, that the article was privileged as a "fair and true" report of a judicial proceeding pursuant to Civil Rights Law § 74, and that the challenged statements were not actionable as rhetorical hyperbole or expressions of opinion. In support of their motion, the defendants submitted, inter alia, the article and the complaint from the separate defamation action on which the article was based. In opposition to the motion, the plaintiff argued that the article was not entitled to the privilege afforded by Civil Rights Law § 74 because it was not a "fair and true"

report of the allegations contained in complaint of the separate defamation action. The Supreme Court granted the defendants' motion in its entirety on the grounds that the challenged statements were privileged pursuant to Civil Rights Law § 74, and that the defendants News Corporation and News America, Inc., were not proper parties.

The Supreme Court properly granted those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover damages for defamation. A motion to dismiss pursuant to CPLR 3211 (a) (1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). The privilege afforded by Civil Rights Law § 74 is an affirmative defense (*see Freihofer v Hearst Corp.*, 65 NY2d 135, 141 [1985]; *Shiles v News Syndicate Co.*, 27 NY2d 9, 13 [1970], *cert denied* 400 US 999 [1971]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]; *Arrow Communications Labs. v Pico Prods.*, 199 AD2d 1055, 1056 [1993]). That statute provides that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published" (Civil Rights Law § 74). The privilege afforded by this statute is absolute "and is not defeated by the presence of malice or bad faith" (*Glendora v Gannett Suburban Newspapers*, 201 AD2d 620, 620 [1994]; *see Cholowsky v Civiletti*, 69 AD3d 110, 114 [2009]; *Pelayo v Celle*, 270 AD2d 469, 469-470 [2000]). This absolute privilege applies only where the publication is a comment on a judicial, legislative, or other official proceeding (*see Cholowsky v Civiletti*, 69 AD3d at 114-115; *Cuthbert v National Org. for Women*, 207 AD2d 624, 626 [1994]; *see also Ramos v El Diario Publ. Co.*, 16 AD2d 915 [1962]), and is a "fair and true" report of that proceeding (*Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67 [1979]; *Briarcliff Lodge Hotel, Inc. v Citizen-Sentinel Publs.*, 260 NY 106, 118 [1932]).

As to the threshold requirement that the publication purport to comment on an judicial, legislative, or other official proceeding, "[i]f the context in which the statements are made make it impossible for the ordinary viewer[,] listener[,] or reader to determine whether [the] defendant was reporting on a judicial [or other official] proceeding, the absolute privilege does not apply" (*Cholowsky v Civiletti*, 69 AD3d at 114-115 [internal quota-

tion marks and brackets omitted], quoting *Wenz v Becker*, 948 F Supp 319, 323 [1996]). "Comments that essentially summarize or restate the allegations of a pleading filed in an action are the type of statements that fall within section 74's privilege" (*Lacher v Engel*, 33 AD3d 10, 17 [2006]).

As to the requirement that the publication be a fair and true report of the official proceeding, the Court of Appeals has stated that "[f]or a report to be characterized as 'fair and true' within the meaning of [Civil Rights Law § 74], thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate" (*Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d at 67). Moreover, "a fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated" (*Briarcliff Lodge Hotel, Inc. v Citizen-Sentinel Publs.*, 260 NY at 118; *see Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d at 67).

Here, the Supreme Court properly determined that the defendants submitted documentary evidence conclusively establishing, as a matter law, that the first, second, third, fourth, sixth, seventh, and ninth challenged statements were privileged pursuant to Civil Rights Law § 74. Contrary to the plaintiff's contention, the fact that the article omitted certain information that was contained in the complaint of the separate defamation action did not alter the substantially accurate character of the article (*see Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 383 [1977], *cert denied* 434 US 969 [1977]; *Cholowsky v Civiletti*, 69 AD3d at 115; *Sassower v New York Times Co.*, 48 AD3d 440 [2008]; *McDonald v East Hampton Star*, 10 AD3d 639 [2004]; *Glendora v Gannett Suburban Newspapers*, 201 AD2d 620 [1994]). Moreover, the inaccuracies cited by the plaintiff were not so egregious as to remove the article from the protection of Civil Rights Law § 74 (*see Misek-Falkoff v American Lawyer Media*, 300 AD2d 215, 216 [2002]; *Posner v New York Law Publ. Co.*, 228 AD2d 318 [1996]; *Freeze Right Refrig. & A.C. Servs. v City of New York*, 101 AD2d 175 [1984]; *Ford v Levinson*, 90 AD2d 464 [1982]). Additionally, the headline and the caption were fair and true representations of the statements published (*see* Civil Rights Law § 74; *Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63 [1979]).

Although the fifth, eighth, tenth, and eleventh challenged statements were not privileged pursuant to Civil Rights Law § 74, they consisted of nonactionable opinion and were properly dismissed pursuant to CPLR 3211 (a) (7) (*see Gross v New York*

*Times Co.*, 82 NY2d 146, 152-153 [1993]; *Brian v Richardson*, 87 NY2d 46, 51 [1995]; *Colantonio v Mercy Med. Ctr.*, 73 AD3d 966, 968 [2010]; *Epifani v Johnson*, 65 AD3d 224, 235 [2009]; *Farrow v O'Connor, Redd, Gollihue & Sklarin, LLP*, 51 AD3d 626, 627 [2008]; *Morrison v Poullet*, 227 AD2d 599 [1996]; *Hollander v Cayton*, 145 AD2d 605 [1988]). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover damages for defamation.

Insofar as the Supreme Court granted that branch of the defendants' motion which was to convert the motion to dismiss into one for summary judgment pursuant to CPLR 3211 (c), the Supreme Court erred since it failed to give the parties the statutorily required notice (*see* CPLR 3211 [c]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to convert the motion to dismiss into one for summary judgment, and for summary judgment dismissing the amended complaint insofar as asserted against the defendants News America, Inc., and News Corporation. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.