Weeden v Lukezic (2022 NY Slip Op 00026)





Weeden v Lukezic


2022 NY Slip Op 00026


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Webber, J.P., Friedman, Oing, Moulton, Kennedy, JJ. 


Index No. 151221/20 Appeal No. 14974 Case No. 2021-01753 

[*1]Amber Weeden, Plaintiff-Appellant,
v
James Lukezic, Defendant, David Lackowitz et al., Defendants-Respondents.


Hantman & Associates, New York (Nyall Cook of counsel), for appellant.
Slarskey LLC, New York (David Slarskey of counsel), for respondents.



Order, Supreme Court, New York County (Carol Ruth Feinman, J.), entered January 4, 2021, which, to the extent appealed as limited by the briefs, granted the motion of defendants Moses & Singer LLP and David Lackowitz to dismiss the causes of action for defamation and defamation per se as against them, unanimously affirmed, without costs.
By way of background, the underlying action was brought on October 22, 2019, by plaintiff Amber Weeden with the filing of a summons with notice of claims in New York against James Lukezic and Old Slip Capital Management, Inc. (Old Slip) for, among other things, wrongful termination and retaliation, based on allegations that Lukezic, Weeden's direct superior and employer at his company, Old Slip, sexually assaulted and harassed her while on a work trip to Florida in September 2019, and then wrongfully terminated her employment two days later in retaliation for her reporting the incident to the police, which had resulted in his arrest.
Following the filing of the summons in Weeden's wrongful termination action, the New York Post, on October 23, 2019 at 12:08 p.m., published an online article reporting Lukezic's arrest, the allegations leading to the arrest, and Weeden's filing of the action in New York Supreme Court, citing a conversation with Weeden's attorney. The article further reported that Gregory Salnick, Lukezic's Florida criminal defense attorney, denied Weeden's allegations, stating that Weeden was more interested in receiving a sum of money and in using the justice system for improper purposes, and that Lukezic intended to file his own suit against Weeden later that day. Finally, the article quoted Weeden's counsel as denying the "money grab" allegation and stating that Lukezic's threats of filing suit against her was further retaliation and an attempt to bully her into not filing her wrongful termination suit.
Later that day, as the Post article had reported, Lukezic's New York counsel (defendant attorneys in the instant action) filed a summons and complaint, alleging, as verified by Lukezic upon information and belief, that Weeden was a prostitute who advertised on an escort website; was a registered representative believed to be under investigation by the Financial Industry Regulatory Authority (FINRA); and who, for the purpose of extortion, had fabricated criminal and embarrassing allegations against Lukezic, to the police, leading to his arrest and the publication of those false allegations in the media. The Lukezic complaint asserted causes of action including for defamation, prima facie tort, and Weeden's alleged abuse of process by causing the issuance of an unjustified arrest and criminal prosecution.
A subsequent New York Post online article posted that afternoon reported the filing of Lukezic's lawsuit against Weeden, and further cited his complaint's allegation that, unbeknownst to him until after his arrest, Weeden was a prostitute who offered her services on an escort website. The article [*2]also quoted Weeden's lawyer denying that Weeden was an escort and accusing Lukezic of bullying and abuse of the system.
In December 2019, Weeden filed the complaint in the wrongful termination action against Lukezic and his company, alleging that she was unlawfully terminated from her job because she had reported Lukezic's sexual assault and sexual harassment.
On February 4, 2020, Weeden filed the complaint in the instant defamation action against Lukezic and defendant attorneys, alleging that the Lukezic complaint included various defamatory statements about her so as to harm her personal and professional life and in an attempt to influence the prosecution of Lukezic in the sexual assault case then pending in Florida. Further, it was alleged that defendant attorneys had initiated the meritless lawsuit containing those defamatory statements against her solely for purposes of harassment, intimidation, and disparagement.
With respect to defendant attorneys, the Weeden complaint alleges that while the New York Post reporter discovered the filing of the Weeden wrongful termination summons and contacted her attorney for comment, defendant attorneys, before an index number in "the frivolous and abusive Lukezic defamation action against Weeden was issued, communicated with a reporter from the New York Post and stated to the reporter that [p]laintiff was an escort who advertised on the [w]ebsite, which [defendant attorneys] and Lukezicknew were false at the time they made the statements and made such solely for the purpose of having such information disseminated online for the world to see." The complaint further alleges that the New York Post reporter advised Weeden's counsel that defendant attorneys had told her of their intent to file suit against Weeden and had promised to send her the complaint and talk to her after. According to Weeden, as part of the coordinated plan to injure Weeden and her claim against Lukezic, defendant attorneys did send the reporter the complaint before it was publicly available and discussed with her its contents, including the allegation that Weeden was an escort.
Defendant attorneys filed a pre-answer motion to dismiss the Weeden complaint as asserted against them pursuant to CPLR 3211(a)(1) and (7). They argued that even if their client Lukezic made false allegations against Weeden, no claim could validly be asserted against them based merely on their including such allegations in the Lukezic complaint or in their responding to press inquiries about that complaint. Defendant attorneys contended that under the common law absolute privilege, they were absolutely immune from liability for statements pertinent to judicial proceedings, and that their fair reporting of that judicial proceeding to the press was protected by Civil Rights Law § 74. They also argued that Weeden's claims against them were not pleaded with sufficient particularity, and that the denial of Weeden's motion to dismiss the abuse of process and other [*3]claims asserted against her in the Lukezic action required dismissal of her claims against them based on their assertion of the privileges.
Weeden opposed, arguing that her complaint sufficiently asserted the claims against defendant attorneys, despite their claims of privilege, based on her allegations that defendant attorneys had filed a "sham action" containing false and irrelevant defamatory statements for the purpose of having those statements published in the media to injure her, and acted with Lukezic's Floridacriminal attorney to announce in the press the imminent filing of the sham action, and that by sufficiently pleading the sham action exception, the litigation and fair report privileges did not apply. She further argued that she sufficiently pled that the defamatory statements regarding prostitution and FINRA were not pertinent to the sham action.
Supreme Court granted defendant attorneys' motion to dismiss the complaint as asserted against them. The court stated that there was nothing to support the conclusion that the defamation action Lukezic brought against Weeden was a "blatantly false," "sham litigation." The court further found that there was no evidence to support a claim that defendant attorneys "either made up this claim on behalf of Lukezic or encouraged him to do so." It noted that preparing and uploading the complaint against Weeden, and informing a reporter of the filing, "is merely the providing of information which could be obtained by any individual perusing the NYSCEF system." Finally, it concluded that defendant attorneys are protected by Civil Rights Law § 74, which protects the immunity of a litigant's attorney. We agree in all respects.
Plaintiff failed to demonstrate that Supreme Court did not apply the correct standard on this motion to dismiss pursuant to CPLR 3211(a)(1) and (7) for defamation and defamation per se. There is no evidence to support a claim that defendant attorneys fabricated this claim on behalf of Lukezic or encouraged him to do so.
Also as stated by Supreme Court, there is no evidence to support a claim that defendant attorneys acted with malice against plaintiff, either in the commencement of this case or in the preparation of the papers as well as any dissemination of the papers, which are for public consumption to a reporter. Specifically, there are no allegations in the complaint which give rise to issues of fact as to whether defendant attorneys instituted and sought to publicize a "sham" action containing defamatory allegations against plaintiff for the sole or primary purpose of disseminating those defamatory allegations while cloaking them in the privilege that attends certain statements made in connection with proceedings before a court (see Williams v Williams, 23 NY2d 592, 599 [1969])
However, even assuming the truth of plaintiff's allegations, defendant attorneys' allegedly defamatory statements are afforded the protections of Civil Rights Law § 74, which allows the publication [*4]of a fair and true report of any judicial proceeding. Civil Rights Law § 74 provides, in pertinent part, as follows:
"A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published."
Civil Rights Law § 74 shields attorneys and the media from liability for fairly reporting about cases in which attorneys are involved (Shawe v Kramer Levin Naftalis & Frankel, LLP, 167 AD3d 481, 482-483 [1st Dept 2018]; Lacher v Engel, 33 AD3d 10, 13-17 [1st Dept 2006] [motion court erred in failing to dismiss defamation claim arising out of attorney's statements to the New York Law Journal that his client was "poorly served" by previous counsel]; Feist v Paxfire, Inc., 2017 WL 177652 [SD NY January 17, 2017, No. 11 Civ. 5436 (LGS)] [providing a "sound bite" to the press unactionable].
In the absence of alleged facts supporting the Williams exception,the privilege under Civil Rights Law § 74 is absolute and applies even where the plaintiff alleges malice or bad faith(Panghat v New York State Div. of Human Rights, 89 AD3d 597, 597 [1st Dept 2011]; Pelayo v Celle, 270 AD2d 469, 469 [2d Dept 2000]; Glendora v Gannett Suburban Newspapers, 201 AD2d 620, 620 [2d Dept 1994], lv denied 83 NY2d 757 [1994]).
Plaintiff has abandoned her appeal of the order insofar as it concerns the remaining causes of action.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022