Jasen, J.
Plaintiff Richard H. Williams and his brother, defendant Robert W. Williams, were two of the principals in the Universal Oven Company, Inc. Apparently plaintiff decided to end his association with the corporation, much to the displeasure of his brother and other members of the corporation. The Universal Oven Company, Inc., at the instigation of defendant, instituted ah action (hereinafter referred to as the Universal action) against plaintiff and filed the summons and complaint with the County Clerk of New York County. The complaint alleged that plaintiff herein conspired with others to misappropriate and misuse the company’s trade secrets and assets. Thereafter, defendant had copies of the summons and complaint in the Universal action printed and circulated to members of the trade. A covering letter signed by Mrs. Harry R. Williams, Chairman of the Board of Universal, was included with the copies and stated:. “We enclose for your information a copy of the summons and complaint on file in the office of the Clerk of The County of New York in our suit against former employees and consultants of the Universal Oven Company.”
Plaintiff, believing he had been unjustly maligned by defendant’s complaint and the use to which it had been put, brought the present suit.
Special Term denied a motion by the defendant to dismiss plaintiff’s complaint and the Appellate Division affirmed.
It should be noted at the outset that, since this is a motion to dismiss plaintiff’s complaint under CPLR 3211, we must pre *596 sume that plaintiff’s allegations are true. (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451.)
Plaintiff alleges two causes of action, one sounding in abuse of process and the other in libel. He claims that the Universal action was totally without basis in fact and was begun solely for the purpose of ruining his business reputation by widespread publication of the complaint.
The defendant contends that the complaint does not state facts sufficient to constitute abuse of process, and he further asserts that neither cause of action may be upheld because section 74 of the Civil Rights Law prevents the maintenance of an action against any person for the publication of a fair and true report of a judicial proceeding.
We agree with defendant that the complaint does not state a cause of action for abuse of process. “ The gist of the action for abuse of process lies in the improper use of process after it is issued.” (Dean v. Kochendorfer, 237 N. Y. 384, 390; Hauser v. Bartow, 273 N. Y. 370.) Process is a “ direction or demand that the person to whom it is directed shall perform or refrain from the doing of some prescribed act.” (Matter of Smith, 175 Misc. 688, 692-693.) It follows that there must be an unlawful interference with one’s person or property under color of process in order that action for abuse of process may lie.[1] We find no such interference in this case.[2]
However, we hold that plaintiff has set forth a cause of action in libel and that section 74 of the Civil Rights Law does not provide a defense. The legislative history of section 74 reveals that it was not intended to apply to the unusual factual pattern of this case.
Section 74 had its genesis in section 1907 of the former Code of Civil Procedure which originally provided that an action for libel could not be maintained against “ a reporter, editor, pub *597 Iisher, or proprietor of a newspaper for the publication therein of a fair and true report of any judicial * * * proceedings ’ ’ unless it could be established that there was actual malice in making the report. (See L. 1854, ch. 130, §§ 1, 2.)
This court, in Lee v. Brooklyn Union Pub. Co. (209 N. Y. 245, 248-249 [1913]), discussed the nature of the privilege established by section 1907 as follows: “ It is to be observed that this is not a case of absolute privilege; which attaches to judicial proceedings, nor is it a case of qualified privilege resting upon some duty or interest of the one making the publication. Cases under those heads have little or no relevancy, and, as no case directly in point in this jurisdiction has been discovered by us or called to our attention, we must look to the reason upon which the claim of privilege in this case must rest. The obvious reason is the public interest in having proceedings of courts of justice public, not secret, for the greater security thus given the proper administration of justice. For that reason it was early provided by statute in this state, that ‘ the sittings of every court within this state, shall be public, and every citizen may freely attend the same. ’ (1 E-. S. part 3, chap. 3, § 1; see, also, Judiciary Law, § 4.) The public generally may not attend the sittings of the courts, but they may be kept informed by the press of what goes on in the courts * * * The point is that the proceeding was one which the public had the right to hear and the defendant had the right in the public interest to report. ’ ’
This qualified privilege was re-enacted into our then new Civil Practice Act as section 337. (L. 1920, ch. 925.)
However, in 1930, the statute was amended by deleting the exception for actual malice and rendering to newspapers an absolute privilege in publishing fair and true reports of judicial proceedings. (L. 1930, ch. 619.) The apparent reason for removing the malice limitation was to afford the news media a greater freedom to publish news of public interest without fear of suit.
In 1940 section 337 (L. 1940, ch. 561) was expanded to apply to “any person, firm or corporation ”. The Judiciary Committee of the Assembly (1940 Assembly Journal, vol. 1, pp. 1020-1022) in reporting on this change said: “ This amendment confers upon all persons the same privilege now accorded to newspapers and radio broadcasters by sections 337 and 337-a of the civil practice act, which privilege, by decision of the court *598 of appeals is accorded to all persons (see Lewis v. The Chemical Foundation Incorporated, et al., 262 N. Y. 489 (1933); Seelman, Libel and Slander in the State of New York, Sec. 213).”
In the above-mentioned Lewis case, the defendants were sued for libel when they sent out copies of newspaper reports of testimony in an examination before trial. The Trial Judge charged the jury that the communication was privileged because it contained a fair and accurate report of a judicial proceeding, and that the verdict must be for the defendants unless the plaintiff proved express malice on the part of the defendants in making the publication. We affirmed the trial court’s instruction. (262 N. Y. 489.)
In 1962 the present statute, section 74 of the Civil Rights Law (L. 1962, ch. 310) replaced section 337 of the Civil Practice Act and provides in pertinent part that “ A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published.”
Defendant urges us to apply section 74 to the case before us and to hold it a complete defense to plaintiff’s cause of action.
In implementing a statute, the courts must of necessity examine the purpose of the statute and determine the intention of the Legislature. It has sometimes been said that if the words of a statute are clear on their face the statute must be administered on the basis of those words, and that only statutes of doubtful meaning are subject to judicial interpretation. However, this rule of construction suffers from the basic fallacy that words have meaning in and of themselves. A statute is “ clear and unambiguous ” because the court has considered the meaning of the statute and reached a conclusion on the question of legislative intention. (2 Sutherland, Statutory Construction, p. 316 [3d ed., 1943].)
While the facts of this case may appear to fit within the wording of section 74, it would require us to attribute an extreme maliciousness to the Legislature to hold that the statute was intended to protect the defendant’s attempt at defamation. If no action were found to lie in this case, the courts would be sanctioning an ingenious means of defamation.
*599 We will not blindly apply the words of a statute to arrive at an unreasonable or absurd result. If the statute is so broadly drawn as to include the case before the court, yet reason and statutory purpose show it was obviously not intended to include that case, the court is justified in malting an exception through implication. (Matter of Meyer, 209 N. Y. 386; Holy Trinity Church v. United States, 143 U. S. 457; cf. Booth v. Curtis Pub. Co., 15 A D 2d 343, affd. 11 N Y 2d 907; see, also, Crawford, The Construction of Statutes, § 177 [1940].)
The purpose of section 74 of the Civil Rights Law, as discussed above, is the protection of reports of judicial proceedings which are made in the public interest. In light of this purpose, it is impossible to conceive of the Legislature’s intending to protect the defendant’s perversion of judicial proceedings. It would be contrary to reason to say that the Legislature considered it necessary to protect such defamation in order to implement the salutary aims of the statute.
The defendant and the dissenters below assert that finding any cause of action in this case will weaken the fundamental policy of free access to our courts. We disagree. Our holding today in no way infringes upon the right of a person to bring an action or to say or write material pertinent to a suit within the confines of that action. In addition, this decision is not intended to restrict in any manner the reporting of news stories and other reports which are made in the public interest.
We conclude that it was never the intention of the Legislature in enacting section 74 to allow “ any person ” to maliciously institute a judicial proceeding alleging false and defamatory charges, and to then circulate a press release or other communication based thereon and escape liability by invoking the statute. ‘‘ Society has a pervasive and strong interest in preventing and redressing attacks upon reputation ”, and the courts are delegated with the responsibility of protecting that right. (Rosenblatt v. Baer, 383 U. S. 75, 86.)
For the reasons stated above, the order of the Appellate Division as to abuse of process should be reversed; and as to libel should be aErmed. Further, we deem it advisable that the trial of the libel action be held in abeyance until the disposition of the Universal action and any attempt to join the two actions be *600 denied, as such joinder in our opinion would be unfair to Universal.

. Dean Prosser describes abuse of process 'as a “form of extortion” and enumerates the types of writs which can create such a cause of action as follows (Prosser, Torts [3d ed.], pp. 877-878): “ attachment, execution, garnishment, or sequestration proceedings, or arrest of the person, or criminal prosecution, or even such infrequent eases as the use of a subpoena for the collection of a debt.”

. Additionally, it might be noted that an action for malicious prosecution will not lie in this situation because there has been no interference with plaintiff’s person or property. (Burt v. Smith, 181 N. Y. 1; see, also, cases cited in 36 N. Y. Jur., Malicious Prosecution, § 10.)