OPINION OF THE COURT
Parker J. Stone, J.
Petitioner has commenced this CPLR article 78 proceeding to annul respondent Blum’s decision after fair hearing affirming respondent Lascaris’ determination which refused petitioner’s application for an additional allowance for heating fuel for the period of November 16, 1977 to January 5, 1978.
The respondent Lascaris denied petitioner’s request upon the grounds that more than eight months had passed since *745 petitioner had incurred these expenses and that the premises were no longer available for inspection. The respondent Blum, in affirming the determination of the agency, set forth her reasons as follows:
"Section 352.7 of the Regulations of the State Department of Social Services provides that 'Assistance grants shall be made to meet only current needs.’ The record clearly establishes that appellant applied for an additional fuel allowance to cover the cost of utility bills which were incurred more that [sic] eight months prior to the date of said request. Accordingly, the determination of the agency was proper.
"It is noted that the appellant had moved to other premises more than eight months previously and had received an excess heating allowance for the new premises after a fair hearing in which the present request was not mentioned.”
The petitioner resided at 626 Cannon Street through January 5, 1978; she then moved to 315 West Calthrop Avenue. Subsequently, the petitioner applied for and received an additional fuel allowance for the period January 19, 1978 to April 20, 1978 for the Calthrop Avenue residence after a fair hearing. Petitioner did not make any requests for additional fuel allowance in regard to the Cannon Street residence until September 13, 1978.
Additional allowances for fuel are provided for by 18 NYCRR 352.5 (c): "An additional allowance for fuel shall be granted when made necessary by exceptionally severe weather, overly exposed location or unusually poor construction of a dwelling, or by reasons of poor health. Circumstances requiring such additional allowance shall be fully recorded.” It is undisputed that there is no statute or regulation barring this type of assistance for utility bills incurred more than eight months prior to a request for additional fuel allowance.
The respondents urge that a request for an additional fuel allowance pursuant to 18 NYCRR 352.5 (c) may be granted only to meet "current needs” in accordance with 18 NYCRR 352.7 (g) which reads as follows: "Payment for services and supplies already received. Assistance grants shall be made to meet only current needs. Under the following specified circumstances payment for services or supplies already received is deemed a current need”.
Respondents’ regulations fail to provide a definition of "current needs”; however, this provision has been included as a subdivision of section 352.7 entitled, "Allowances and grants *746 for other items of need.” (Emphasis added.) This strongly suggests an intention on the part of the draftsman to so limit its application. Moreover, implicit within subdivision (g) of section 352.7 is the intent that "current needs” refers to those services or supplies not already received, for this section provides for specific circumstances wherein payment for services or supplies already received is deemed "current needs.” In the general course of events, the supply of fuel has been received and used by the recipient before its cost is realized and before an application can be made for additional fuel allowance. Consequently, the additional fuel so used would not be a current need under the general intent of the section since it already has been received, nor would such additional fuel expense fall within the specific exceptions for supplies already received as set forth in 18 NYCRR 352.7 (g) (l)-(7). In the vast majority of situations then, the application of the "current needs” requirement would prevent a recipient from receiving an additional fuel allowance under subdivision (c) of section 352.5.
The very nature of an additional fuel allowance prohibits the concept of "current needs” from being applied thereto. A contrary determination leads to absurd results which must be avoided. A reasonable construction is required (Williams v Williams, 23 NY2d 592). The requirement of "current needs” does not pertain to a grant of additional fuel allowance under subdivision (c) of section 352.5. It is noteworthy that in all cases called to the court’s attention involving requests for additional fuel allowances, the issue of "current needs” has never been raised by the State Department of Social Services.
The petitioner is granted judgment annulling respondent Blum’s decision after fair hearing dated April 20, 1979 and the proceeding is remanded to the respondent Blum for a decision on the existing record as to the merits of petitioner’s claim for additional allowance for fuel in respect to 626 Cannon Street.