OPINION OF THE COURT
Elrich A. Eastman, J.
The Division for Youth has filed a petition to extend placement. Respondent seeks dismissal of the proceeding. Both counsel have submitted memoranda on the issue of whether this petition should be dismissed because of the respondent’s unauthorized absence from his title 2 of the Executive Law placement facility. Respondent’s absence has continued beyond both the expiration date and the temporary extension thereof.
On June 4, 1982, respondent was placed for 12 months with the Division for Youth (hereinafter D.F.Y.) under title 3 of the Executive Law and subsequently resided in a title 2 facility. However, prior to the June 3, 1983 expiration date respondent absconded from said facility, a Youth Development Center. This extension petition was filed on April 8, 1983. Thereafter, on June 1, 1983 a warrant was issued and placement temporarily extended to July 7, 1983. The matter was further adjourned to August 5, 1983 for submission of memoranda on the issue.
*942 In order to resolve the aforesaid issue this court must determine the impact of respondent’s unauthorized absence from a title 2 facility upon the expiration date of placement.
Respondent contends that the tolling provisions of subdivision 5 of section 525 of the Executive Law are limited to individuals absent from a “school or center”. Subdivision 5 of section 525 of the Executive Law states: “When a child who is placed with the division pursuant to article seven of the family court act is absent from a school or center without the consent of superintendent or director of such facility, the absence shall interrupt the calculation of the time of placement and such interruption shall continue until the return of the child to the school or center in which the child was placed.” (Emphasis supplied.)
The essence of respondent’s argument is rooted in the distinction between “school or center” and “youth center”. Under the statute, “school or center” is a title 3 designation (Executive Law, § 510, subd 2). “Youth center” is a title 2 designation. (Executive Law, § 502, subd 1, par [a].) Subdivision 5 of section 525 of the Executive Law contains no reference to “youth center”.
It is apparent that the plain meaning of subdivision 5 of section 525 of the Executive Law precludes application of the “tolling” provisions to title 2 facilities. Normally, where the Legislature has provided statutory language that is clear and unambiguous, the court should interpret it so as to give effect to the plain meaning of the words used. (Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205.)
However, such a construction of this statute results in a clearly undesirable situation. Therefore, courts should not blindly apply the statute so as to work an unreasonable or absurd result. (Williams v Williams, 23 NY2d 592, 599.)
In an unpublished opinion, Matter of Alberts (Family Ct, NY County, April 15, 1983) Judge Turret addressed the incongruity of subdivision 5 of section 525 of the Executive Law as follows:
“After its enactment of Exec. Law § 525(5) the Legislature enacted § 779.a of the Family Court Act. In effect, this statute creates a ‘tolling’ when a youth absconds from *943 probation supervision. Accepting this reasoning * * * would mean tolling exists only when a youth absconds from either end of the spectrum (Probation supervision on one end and Title III facilities at the other end.) This would create a situation where those in need of less supervision are treated more harshly than those who require a more structured treatment.
“In statutory interpretation, legislative intent is the great and controlling principle. Carr v. New York State Board of Elections, 40 N.Y.2d 556, 559 (1976). If the legislative scheme as revealed by statutes sufficiently points the way to legislative intent, it is proper for the court to fill the gaps consistent with such intent. Beneficial Finance Co., of New York v. Baker, 43 Misc.2d 546, 548 (Sup. Ct. Monroe Co., 1964). Therefore, interpreting the aforementioned statutes in the context of their relation to one another, the court could find precedent for * * * a ‘tolling’ of placement regardless of the type of facility when a youth absconds. This would prevent injustice and would seem to reflect the Legislature’s apparent intent”.
This court concurs with this reasoning and finds that this respondent’s unauthorized absence has tolled his title 2 placement. It was never the intention of the Legislature that a respondent so placed should be benefited by absconding. Accordingly, an extension of placement is not necessary at this time since the original placement has not expired.
Thus the petition to extend placement is dismissed without prejudice to reinstate it upon respondent’s return to the facility.