OPINION OF THE COURT
John F. O’Donnell, J.
The petitioner, New York State Division for Youth, is seeking an extension of placement pursuant to section 355.3 of the Family Court Act. Respondent, Ann S., claims the petition was not filed in a timely manner and must be dismissed.
Family Court Act § 355.3 (1) requires that a petition for *420 extension of placement be filed “at least sixty days prior to the expiration of the period of placement”. Exceptions can be made for good cause shown, but "in no event shall a sworn petition be filed after the original expiration date.” (§ 355.3 [1].) In the case at bar, respondent was adjudicated a person in need of supervision (PINS) and placed with the Division for Youth for a period of 12 months, which was to expire on February 2, 1990. The instant petition was filed on January 3, 1990, less than 60 days prior to the original expiration date. The petitioner argues, however, that respondent was AWOL twice, thereby extending her period of placement by some 28 days, to March 7, 1990, by operation of section 525 of the Executive Law. That section reads, in pertinent part: "5. When a child who is placed with the division pursuant to article three or seven of the family court act or committed pursuant to the penal law is absent from a school, youth center or center without the consent of the superintendent or director of such facility, the absence shall interrupt the calculation of the time of such placement or commitment and such interruption shall continue until the return of the child to the school, youth center or center in which the child was placed or committed.”
Respondent’s placement followed her adjudication as a person in need of supervision (PINS) and a subsequent violation of a term of probation. Thereafter, while residing in the Division’s Buffalo Community Urban Home, she was charged and adjudicated a juvenile delinquent. On July 15, 1989, her placement was continued under title 2 of the Executive Law (§ 502 et seq.). The respondent then apparently left the Buffalo Community Urban Home without authorization and did not return until August 16, 1989.
On or about August 17, 1989, respondent admitted to a violation of the terms of her placement. Placement was then modified to a title 3 placement (Executive Law § 510 et seq.). No request was made at that time to extend placement due to respondent’s absence from the facility.
Section 525 of the Executive Law speaks of children placed with the Division pursuant to article 3 of the Family Court Act, as juvenile delinquents, or article 7, as a person in need of supervision, who are absent from a school, youth center, or center without the consent of the superintendent or director of such facility. Respondent was placed under both articles 3 and 7. The homes from which she was AWOL fit the definition, included in section 502 of the Executive Law, of a "youth *421 center”. Therefore section 525 applies, and, since it uses the word "shall” relative to the interruption of the calculation of the time of placement, it is self-executing. Respondent’s term of placement expires March 7,1990.
Section 355.3 of the Family Court Act and section 525 of the Executive Law are in pari materia. Since respondent’s period of placement does not expire until March 7, 1990, more than 60 days after the filing of the petition, the petition was timely.
The question of whether respondent had notice that the time would toll if she absconded was raised during the argument of respondent’s motion. However, because section 525 is self-executing and no other statute requires such notice, it is not an issue herein.
It is therefore,
Ordered, that the motion to dismiss the petition be and the same hereby is denied.