OPINION OF THE COURT
Michael J. Miller, J.
Pursuant to Family Court Act § 355.3 (1), the petitioner, the New York State Division for Youth (D.F.Y.), filed a petition for extension of placement of respondent, Richard B., on April 18, 1990. Respondent, through his counsel, seeks to have the petition dismissed on the basis that it is untimely because it was filed seven months after the expiration date of August 13, 1989, listed in the prior order of this court.
Respondent was adjudicated a juvenile delinquent by order of disposition dated February 14, 1985 and placed in the care and custody of petitioner until August 14, 1986, pursuant to *163 Family Court Act § 353.3 (4). Respondent’s placement was extended for periods of 12 months by three subsequent orders, the last order expiring August 13,1989.
It is undisputed that respondent absconded from the group home where he was placed from January 7, 1989 until June 27, 1989, a total of 140 days. On June 27, 1989, respondent was located and returned to the group home where he remained for several hours and then left again. He has been continuously absent since that day and his whereabouts are still unknown.
Relying on Executive Law § 525 (5), petitioner argues that respondent’s unauthorized time away from the group home automatically interrupts respondent’s placement and extends the expiration date by the amount of time of respondent’s absence. Therefore, by petitioner’s calculations, as of the filing of the petition, the placement would expire on November 5, 1990.
Respondent contends that the expiration date stated in the court’s last extension is the original expiration date which determines the timeliness of the petition pursuant to Family Court Act § 355.3 (1). Respondent cites the provisions of Family Court Act § 355.3 (1) which requires that an extension: "be filed at least sixty days prior to the expiration of the period of placement, except for good cause shown but in no event shall such petition be filed after the original expiration date.” (Emphasis added.) Respondent argues therefore that during his unauthorized leave, D.F.Y. was required to petition for extension of placement prior to the expiration date listed in the previous order.
The issue presented in this proceeding is whether an extension of respondent’s placement was required even though respondent was absent from the group home without authorization for 188 days prior to the expiration date. The court finds that an extension of the placement was not required or possible since respondent’s unauthorized leave interrupts the running of the placement and lengthens it by that amount of time.
Section 355.3 (1) of the Family Court Act must be read in conjunction with section 525 (5) of the Executive Law (Matter of Sero, Fam Ct, Erie County, Feb. 26, 1990). Section 525 (5) of the Executive Law provides in part that: "When a child who is placed with the division pursuant to article three * * * of the family court act * * * is absent from a school, youth center or *164 center without the consent of the superintendent or director of such facility, the absence shall interrupt the calculation of the time of such placement * * * and such interruption shall continue until the return of the child to the school, youth center or center in which the child was placed”. The group home from which respondent absconded is a facility included under the definition of a "youth center” under Executive Law § 502 (1). The plain meaning of the Executive Law "tolling provision” is that the placement is interrupted by respondent’s unauthorized absence from the group home where he was placed pursuant to the article 3 placement. (Executive Law § 525 [5]; Matter of Sero, Fam Ct, Erie County, Feb. 26, 1990, supra; Matter of Mitchum S., 120 Misc 2d 941.) The filing provisions of Family Court Act § 355.3 (1) speak only to the situation where respondent has actually completed his placement by the expiration date cited. To rule otherwise would render the tolling provisions of the Executive Law meaningless. Thus, an extension of the current placement is not necessary since the full 12 months’ placement has not yet run.
The cases cited by respondent, holding that this court is without jurisdiction because placement expired, each pertain to a situation where the child remained in placement after the expiration of the original placement period and there was no interruption of placement time. (Matter of Carmen R., 123 Misc 2d 238; People ex rel. Schinitsky v Cohen, 34 AD2d 1020.)
In the instant case, the respondent had been absent from the group home without authorization to do so for 188 days before his placement expiration date of August 14, 1989. Clearly, it would be a leap that defies the limits of logic to hold that the respondent should be credited with and benefit from his own misdeed of leaving the youth center without permission. When the tolling provisions are applied, D.F.Y. was not required to file for an extension before August 14, 1989 because respondent’s placement was still effective for 188 days after that date. An extension was not necessary or even possible since respondent’s placement period is continually changing due to his absence.
For the reasons stated above, the court finds that respondent’s placement has not yet expired due to respondent’s *165 absence from the youth center without authorization. An extension is therefore not required at this time. For this reason the court dismisses petitioner’s petition to extend placement without prejudice to reinstate it upon the respondent’s return to the facility.