■ In the Matter of CLIFFORD O., Alleged to be a Juvenile Delinquent, Appellant. NEW YORK STATE DIVISION FOR YOUTH, Appellant.—Weiss, J. Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered August 22, 1990, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 3, to extend respondent's placement with petitioner.

On March 17, 1989 Family Court adjudicated respondent a juvenile delinquent and placed him with petitioner for one year. He absconded on April 8, 1989 and was arrested the following day for theft of a police car. He was convicted on June 13, 1989. He remained in jail for 89 days until July 7, 1989, when he was returned to petitioner and placed at the Tryon School in Fulton County. He was released to commu-

nity care on November 29, 1989 where he remained until May 16, 1990. In the meantime, on March 17, 1990 petitioner filed a petition requesting that Family Court extend respondent's placement. Family Court held that the petition, which was not filed at least 60 days prior to the initial expiration date as required by Family Court Act § 355.3 (1), to be untimely and granted dismissal. On this appeal by petitioner, respondent contends that he reached 18 years of age on November 8, 1990, rendering the appeal moot.

Petitioner seeks a definitive appellate ruling on the interplay of the tolling provisions of Executive Law § 525 (5) concerning placement time periods and the time periods for filing petitions for placement extensions under Family Court Act § 355.3 (1) (see, Matter of Ann S., 148 Misc 2d 419; Matter of Richard B., 148 Misc 2d 162; Matter of Mitchum S., 120 Misc 2d 941). Petitioner concedes, however, that the matter is moot due to respondent's age. We do not agree with petitioner's contention that the circumstances of this case warrant an exception to the general rule requiring dismissal (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715).

Mahoney, P. J., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.