EUGENIA KAYE, Appellant, v DONALD TRUMP et al., Respondents. [873 NYS2d 5]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 9, 2008, which granted defendants' motion to dismiss the complaint and denied plaintiff's application for leave to amend, unanimously affirmed, with costs.

The complaint fails to state a cause of action for intentional infliction of emotional distress. Plaintiff alleges that defendants variously made rude remarks to and about her, commenced two baseless lawsuits and filed a criminal complaint against her, and frightened her and her daughter by attempting to instigate her arrest. This conduct, while not to be condoned, is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983] [internal quotation marks and citation omitted]). Moreover, many of the alleged statements and actions occurred in the context of adversarial litigation and therefore cannot provide a foundation for the claim (*see Yalkowsky v Century Apts. Assoc.*, 215 AD2d 214, 215 [1995]).

Nor does the complaint state a cause of action for either malicious prosecution or defamation. As to malicious prosecution, plaintiff failed to allege facts that would establish special injury, i.e., "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit" (*Wilhelmina Models, Inc. v Fleisher*, 19 AD3d 267, 269 [2005] [internal quotation marks and citation omitted]). Plaintiff alleges conclusorily that she was forced by defendants' "acts" to sell her condominium unit and move from the building; she asserts no facts that would establish that the two civil actions or the filing of a criminal complaint, or the rude remarks, caused her to move. Moreover, since none of the lawsuits brought against her were disposed of on the merits, plaintiff has not sufficiently alleged the requisite lack of probable cause (*see id.*).

As to defamation, the statements allegedly made to or about plaintiff were "[l]oose, figurative or hyperbolic statements, [which] even if deprecating the plaintiff, are not actionable" (*Dillon v City of New York*, 261 AD2d 34, 38 [1999]); the statements made in the complaints in the actions instituted against plaintiff are absolutely privileged (*see Lacher v Engel*, 33 AD3d 10, 13 [2006]).

The motion court properly denied plaintiff's application for leave to amend the complaint. Contrary to plaintiff's contention, the nature of the allegations in her complaint and the supporting record do not establish that she has a viable claim.

Motion seeking leave to strike portions of appellant's brief and for other related relief denied.

Concur—Saxe, J.P., Friedman, Nardelli, Sweeny and De-Grasse, JJ. [*See* 2008 NY Slip Op 31329(U).]