■ HALCYON JETS, INC., Respondent, v JET ONE GROUP, INC., et al., Appellants. [894 NYS2d 392]—

The parties are business competitors. After filing a federal court complaint setting forth fraud and RICO claims for various alleged wrongdoing by plaintiff, defendants disseminated what the parties characterize as a "press release" reporting the filing of their federal complaint and summarizing its allegations. Plaintiff then instituted this action for defamation, alleging that the press release was false and resulted in significant consequential business losses; defendants moved to dismiss on the basis of the protections afforded by Civil Rights Law § 74 to fair and accurate reports of judicial proceedings; and the motion court denied the motion on the basis of *Williams v Williams* (23 NY2d 592 [1969]).

*Williams* created a judicial exception to the statutory protections if it appears that the public policy goals of the statute are being thwarted by the commencement of litigation intended as a device to protect a report thereof and thereby disseminate defamatory information (*see id.* at 599). Defendants' intention to

use the federal action as such a device is a factual issue that is sufficiently pleaded and cannot presently be decided. We note, as did the motion court, that the press release here, unlike that in *Williams*, was not the reportage of an independent publisher but rather was issued by defendants themselves. While not dispositive, defendants' self-publication tends to connect the litigation and report thereof more closely than in *Williams*, making this an a fortiori case, and undermining defendants' argument that because their press release, unlike that in *Williams*, was not directed at members of the parties' industry but was disseminated as a general news item, *Williams* does not apply as a matter of law. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Román, JJ.