■ NICHOLAS P. DERMIGNY, Respondent, v MURIEL SIEBERT, Appellant. [911 NYS2d 619]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered May 18, 2009, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

In this action for malicious prosecution, the court erred in holding that defendant, who had answered the complaint, was required to moved for summary judgment instead of moving to dismiss the complaint for failure to state a cause of action under CPLR 3211 (a) (7) (CPLR 3211 [e]; *Herman v Greenberg*, 221 AD2d 251 [1995]). The court's determination that plaintiff had sufficiently pleaded special injury in support of his malicious prosecution claim was also error. Plaintiff failed to allege facts that would establish special injury, i.e., "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit" (*Engel v CBS, Inc.*, 93 NY2d 195, 205 [1999]). Although plaintiff alleged generally that he did not receive job offers from employers during the pendency of the previous action commenced by defendant, he did not identify any employer that refused to offer him a job because of the prior action (*see id.* at 207; *Kaye v Trump*, 58 AD3d 579, 580 [2009], *lv denied* 13 NY3d 704 [2009]). In addition, his affidavit in opposition to defendant's motion, stating that he was interviewed by five employers and was offered one position, contradicted his claim that he had been "blacklisted" on Wall Street (*see Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81 [1999], *affd* 94 NY2d 659 [2000]). Concur—Mazzarelli, J.P., Acosta, Richter, Abdus-Salaam and Román, JJ.