EVOLUTION TRADING MANAGEMENT LLC et al., Respondents, v THE BANK OF NEW YORK MELLON CORPORATION, Appellant, et al., Defendants. [931 NYS2d 305]—

The asset purchase agreement between defendant and plaintiffs' predecessor provided that the escrow funds would be released in the event of the "Resolution" of the underlying patent infringement lawsuit between Lava Trading Inc. and plaintiff's predecessor. It defined "Resolution" as "entry of a final unappealable order or judgment . . . that does not impose

any liability or payment obligations on [defendant] for any Losses or settlement amounts." The agreement settling the lawsuit provided that nothing in it restricted Lava Trading's right to sue defendant for patent infringement. Since the time limitation on damages for patent infringement is six years (35 USC § 286), defendant will remain subject to such a lawsuit until July 2014. Thus, the settlement of the underlying lawsuit did not effect a "Resolution" as contemplated by the parties, and plaintiffs are not entitled to the release of the escrow funds.

The counterclaims adequately pleaded that defendant was damaged by plaintiffs' conduct (*see Fielding v Kupferman*, 65 AD3d 437, 442 [2009]). Concur—Friedman, J.P., Catterson, Renwick and Richter, JJ.