# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**38**
**CA 15-00414**
PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, AND SCUDDER, JJ.

---

ELIZABETH RESZKA, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

COUNCILMAN JOSEPH A. COLLINS, DEFENDANT-RESPONDENT.

---

HOGAN WILLIG, PLLC, AMHERST (STEVEN M. COHEN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

JOSEPH A. COLLINS, DEFENDANT-RESPONDENT PRO SE.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R.
Glownia, J.), entered May 22, 2014.  The order denied the motion of
plaintiff to dismiss the counterclaims of defendant.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in part and
dismissing the second counterclaim, and as modified the order is
affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking to remove
defendant from his position as a council member of the Town Board of
the Town of Hamburg.  Defendant answered the complaint and asserted as
an affirmative defense that Supreme Court lacked subject matter
jurisdiction over plaintiff's action.  Plaintiff thereafter filed an
original proceeding pursuant to Public Officers Law § 36 before this
Court, correctly recognizing the validity of defendant's affirmative
defense, and we dismissed the petition (*Matter of Reszka v Collins*,
109 AD3d 1134).  While that proceeding was pending in this Court,
defendant filed an amended answer in this action and asserted two
counterclaims.  After we dismissed the petition in the original
proceeding, plaintiff moved pursuant to CPLR 3211 (a) (2), (6), and
(7) to dismiss the two counterclaims in this action, and the court
denied the motion.  We agree with plaintiff that the court erred in
denying that part of her motion seeking to dismiss the second
counterclaim, and we therefore modify the order accordingly.

Initially, we reject plaintiff's contention that the court should
have dismissed the counterclaims because it lacked subject matter
jurisdiction over plaintiff's action (*see generally* CPLR 3211 [a]
[2]).  The court's lack of jurisdiction over plaintiff's action is not
fatal to the counterclaims, which may be severed where a complaint is
dismissed or, as here, effectively dismissed (*see* CPLR 3019 [d];
*Evolution Trading Mgt. LLC v Bank of N.Y. Mellon Corp.*, 88 AD3d 605,

605; *Ballen v Aero Mayflower Tr. Co.*, 144 AD2d 407, 410). Contrary to plaintiff's contention, dismissal of the counterclaims is not required even where, as here, a complaint was or should be dismissed on procedural grounds rather than on the merits (*see Levess v Levess*, 28 AD2d 513, 513, *affd* 21 NY2d 758; *Becker v University Physicians of Brooklyn*, 307 AD2d 243, 244-245).

We reject plaintiff's further contention that the first counterclaim, alleging defamation, should be dismissed on the ground that it fails to state a cause of action (*see* CPLR 3211 [a] [7]). "On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (*Leon v Martinez*, 84 NY2d 83, 87). "We accept the facts as alleged [in the answer] as true, accord [defendant] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*id.* at 87-88).

Defendant alleged in his first counterclaim that plaintiff held a press conference regarding the lawsuit, and he further alleged that plaintiff "made slanderous and defamatory and libelous statements intentionally, willfully and maliciously" attacking him in his individual and professional capacity. Statements made in the course of judicial proceedings are protected by absolute privilege provided that they are material and pertinent to the issue to be resolved in the proceeding (*see* Civil Rights Law § 74; *Rosenberg v MetLife, Inc.*, 8 NY3d 359, 365; *Matter of Hoge [Select Fabricators, Inc.]*, 96 AD3d 1398, 1399; *Sinrod v Stone*, 20 AD3d 560, 561; *Mosesson v Jacob D. Fuchsberg Law Firm*, 257 AD2d 381, 382, *lv denied* 93 NY2d 808). A party cannot, however, maliciously commence a judicial proceeding alleging false and defamatory charges and then circulate a press release based on the same charges and escape liability by invoking Civil Rights Law § 74 (*see Williams v Williams*, 23 NY2d 592, 599). The first counterclaim here adequately states that plaintiff's action was without any basis in fact and was commenced solely to defame defendant. Under those circumstances, we conclude that the court properly refused to dismiss the first counterclaim (*see Williams*, 23 NY2d at 596; *Halcyon Jets, Inc. v Jet One Group, Inc.*, 69 AD3d 534, 534-535; *cf. Emergency Enclosures, Inc. v National Fire Adj. Co., Inc.*, 68 AD3d 1658, 1662-1663). Contrary to plaintiff's further contention, the first counterclaim also adequately states that plaintiff acted with actual malice, which is a required element for a defamation claim brought by a public official (*see Silsdorf v Levine*, 59 NY2d 8, 17, *cert denied* 464 US 831; *see generally Freeman v Johnston*, 84 NY2d 52, 56, *cert denied* 513 US 1016).

We agree with plaintiff, however, that the court erred in denying the motion with respect to the second counterclaim, alleging malicious prosecution. Where, as here, the underlying action is civil in nature, the party alleging a claim for malicious prosecution must allege a special injury (*see Engel v CBS, Inc.*, 93 NY2d 195, 201-204; *Shatkin v Drescher*, 24 AD3d 1292, 1292-1293; *Molinoff v Sassower*, 99 AD2d 528, 529). In the instant case, defendant "fail[ed] to plead that the civil proceeding involved wrongful interference with [his]

person or property" (*Wiener v Wiener*, 84 AD2d 814, 815; *see Belsky v Lowenthal*, 47 NY2d 820, 821; *Galanova v Safir*, 127 AD3d 686, 687; *Molinoff*, 99 AD2d at 529).  Instead, defendant alleged damages amounting to "the physical, psychological or financial demands of defending a lawsuit," which is insufficient to constitute a special injury for a claim of malicious prosecution (*Engel*, 93 NY2d at 205; *see Dermigny v Siebert*, 79 AD3d 460, 460).

To the extent that defendant contends that the second counterclaim is for abuse of process and not malicious prosecution, we conclude that it must still be dismissed as well.  "Insofar as the only process issued [here] was a summons, the process necessary to obtain jurisdiction and begin the lawsuit, there was no unlawful interference with [defendant's] person or property because the institution of a civil action by summons and complaint is not legally considered process capable of being abused" (*Curiano v Suozzi*, 63 NY2d 113, 116; *see Muro-Light v Farley*, 95 AD3d 846, 847).  Defendant alleges that plaintiff acted maliciously in bringing the action, but "[a] malicious motive alone . . . does not give rise to a cause of action for abuse of process" (*Curiano*, 63 NY2d at 117; *see Muro-Light*, 95 AD3d at 847).

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court