Clark, J.
 

 Appeal from an order of the Family Court of Broome County (Young, J.), entered September 8, 2016, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 3, to extend respondent’s placement with petitioner.
 

 Respondent (born in 2001) was adjudicated to be a juvenile delinquent in April 2015 and placed on probation for a period of one year. Thereafter, respondent was found to have violated the terms of her probation and, in January 2016, she was placed in the custody of petitioner for a period of six months, with such period expiring on June 30, 2016. In June 2016, petitioner commenced this proceeding pursuant to Family Ct Act article 3, seeking to extend respondent’s placement on the basis that it was not in respondent’s best interests to return home. Respondent’s mother, Becky LL. (hereinafter the mother), opposed the petition, arguing, among other things, that petitioner lacked good cause for its late filing of the petition (see Family Ct Act § 355.3 [1] [requiring that a petition to extend placement be filed at least 60 days prior to the expiration of the period of placement]). Following a hearing, Family Court found that petitioner had good cause for its late filing of the petition, granted the petition and extended respondent’s placement until January 27, 2017. The mother now appeals, challenging Family Court’s good cause finding, as well as the child’s continued placement in the care and custody of petitioner.
 

 The mother’s appeal has been rendered moot by the expiration of respondent’s extended period of placement (see Matter of Clifton NN., 64 AD3d 903, 905 [2009]; Matter of Kashayla L., 56 AD3d 962, 962 [2008]; Matter of Andrew MM., 24 AD3d 1116, 1116 [2005]; Matter of Donald MM., 241 AD2d 634, 634 [1997]). Under the circumstances, we do not find that the exception to the mootness doctrine is applicable (see Matter of Lasheim V., 61 AD3d 1047, 1048 [2009]; Matter of Clifford O., 177 AD2d 837, 838 [1991]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Accordingly, the mother’s appeal must be dismissed as moot.
 

 McCarthy, J.P., Lynch, Rose and Pritzker, JJ., concur.
 

 Ordered that the appeal is dismissed, as moot, without costs.