BEC Capital, LLC v Bistrovic (2019 NY Slip Op 08144)





BEC Capital, LLC v Bistrovic


2019 NY Slip Op 08144


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


153737/16 -10330NA 10330N 10329

[*1] BEC Capital, LLC, et al., Plaintiffs-Respondents,
v
Bojan Bistrovic, et al., Defendants-Appellants.
Bojan Bistrovic, et al., Third-Party Plaintiffs-Appellants,
v
Nir Ronen, et al., Third-Party Defendants-Respondents.


Law Offices of Dean T. Cho, New York (Dean T. Cho of counsel), for appellants.
Rottenberg Lipman Rich, P.C., New York (Stacy L. Ceslowitz of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered December 5, 2018, which, to the extent appealed as limited by the briefs, denied defendants' motion for a protective order and directed them to produce their source code without limiting the production to plaintiffs' counsel and expert eyes only, unanimously reversed, on the law and the facts, without costs, and protection limited to attorney and expert eyes only. Appeal from order, same court (Andrew Borrok, J.), entered February 7, 2019, which again ordered the production of the source code, unanimously dismissed, as academic. Order, same court (Andrew Borrok, J.), entered April 23, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion for leave to amend their counterclaims and denied defendants' motion to compel, unanimously modified, on the law, to the extent of granting defendants leave to amend their answer to assert a counterclaim for defamation, and otherwise affirmed, without costs.
The production of defendants' source code, which is a trade secret (see e.g. Dynamic Microprocessor Assoc. v EKD Computer Sales , 919 F Supp 101, 105-106 [ED NY 1996]), should have been ordered to be produced for "attorneys and expert eyes only" (id ). Plaintiffs' assertion that they have the expertise to review and opine on the source code and should not be subjected to retaining an expert, does not support unfettered access to defendants' confidential algorithm.
Defendants' motion to compel the production of additional documents was properly denied. Plaintiffs maintain that they have produced all responsive, non-privileged documents, and third party defendants maintain that they will produce additional documents once a confidentiality stipulation is executed. The motion court providently directed the parties to enter into a confidentiality stipulation, produce responsive documents and provide an affidavit stating that all responsive, non-privileged documents have been produced.
Based on this record and the arguments of the parties, defendants are granted leave to amend their answer to assert a counterclaim for defamation. The alleged defamatory statements in the June 2016 email, upon which defendants rely, are not protected by the common-law privilege that applies to statements made in the context of a judicial proceeding or the statutory privilege set forth in Civil Rights Law § 74 (see Bridge C.A.T. Scan Assocs. v Ohio-Nuclear, Inc , [*2]608 F Supp 1187, 1194-1195 [SD NY 1985] [applying NY law]; Williams v Williams, 23 NY2d 592, 599 [1969]). Nor is the proposed counterclaim barred by the statute of limitations (see CPLR 203[d]). Leave to amend the answer to assert a counterclaim for an accounting, however, was properly
denied as defendants have failed to establish that the claim is not palpably insufficient and is, on its face, conclusory.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK