*Manhattan Enterprise Group LLC v. Higgins*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand twenty.

PRESENT:

> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

MANHATTAN ENTERPRISE GROUP LLC, D/B/A
MANHATTAN ELITE PREP AND TRACY YUN,

  *Plaintiffs-Appellants,*

    v.            No. 19-3441

THOMAS P. HIGGINS AND JOERN MEISSNER,

  *Defendants-Appellees.*

_____

FOR APPELLANTS:      TRACY YUN, pro se, New York, NY.

            JUSTIN KUEHN, Moore Kuehn, PLLC,
            New York, NY.

FOR APPELLEES:                              THOMAS P. HIGGINS, Higgins & Trippett LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 23, 2019, is **AFFIRMED**.

Plaintiffs-Appellants Tracy Yun and Manhattan Enterprise Group LLC (together, "Plaintiffs") appeal from the judgment of the United States District Court for the Southern District of New York (Broderick, *J.*) dismissing their state-law claim for abuse of process against Defendants-Appellees Thomas Higgins and Joern Meissner (together, "Defendants"). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

The following statement of facts is drawn from the allegations in the Amended Complaint, which we must take as true for the purposes of this appeal. In 2005, Yun and Meissner formed Manhattan Review LLC, a Delaware company that offered test preparation and admissions consulting for college and graduate school applicants. Meissner began embezzling funds from the company, however, leading Yun to cancel Manhattan Review in December 2011. Shortly thereafter, Yun started Manhattan Enterprise Group LLC (d/b/a Manhattan Elite Prep), a new test preparation company.

Several months later, in March 2012, Meissner filed suit in New York State Supreme Court, accusing Yun of "stealing" assets from Manhattan Review. App'x 35 (internal quotation marks omitted). Over the next five years, Meissner initiated six additional legal proceedings against Plaintiffs and/or their employees and associates. Defendant Thomas P. Higgins, a named partner at Higgins & Trippett LLP, represented Meissner in these lawsuits.

On July 15, 2018, Plaintiffs filed this diversity action against Defendants, asserting a claim for abuse of process under New York law. According to the Amended Complaint,

2

Defendants have waged a "bad faith and vexatious litigation campaign against Plaintiffs," bringing "frivolous" and "duplicative" lawsuits that relitigate the same set of issues in different forums. App'x 21-23, 36. The goal of these civil actions, Plaintiffs assert, is to sue Manhattan Enterprise Group "out of its existence, by forcing [Plaintiffs] to expend exorbitant legal costs." App'x 28. Plaintiffs allege that they have spent "hundreds of hours" and roughly $450,000 on defending themselves in these various legal proceedings. App'x 41-42.

In September 2019, the District Court granted Defendants' motion to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, rejecting Plaintiffs' contention that an abuse-of-process claim could be predicated on the filing and prosecution of multiple civil lawsuits. We now review that decision *de novo. See Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018).

Under New York law, "a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003) (internal quotation marks omitted). Although the torts of abuse of process and malicious prosecution are "frequently confused," they constitute distinct causes of action: whereas malicious prosecution concerns the issuance of process without justification, abuse of process concerns the use of lawfully issued process to accomplish some unjustified purpose. *See Bd. of Educ. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teachers Ass'n, Inc., Local 1889*, 38 N.Y.2d 397, 400, 343 N.E.2d 278 (1975) ("*Farmingdale*"). "The gist of the action for abuse of process," the New York Court of Appeals has said, "lies in the improper use of process after it is issued." *Williams v. Williams*, 23 N.Y.2d 592, 596, 246 N.E.2d 333 (1969) (internal quotation marks omitted). However, the Court of Appeals has also rejected a holding "that abuse of process requires some improper conduct *after* issuance of process" because "nothing" in its precedents "would seem to preclude an abuse of process claim based on the issuance of the process itself." *Parkin v. Cornell Univ.*, 78 N.Y.2d 523, 530, 583 N.E.2d 939 (1991).

3

Here, the District Court correctly dismissed the Amended Complaint insofar as it was predicated upon the filing of lawsuits. The core of Plaintiffs' grievance is that Defendants filed and prosecuted a series of duplicative, frivolous, and malicious lawsuits aimed at harassing Plaintiffs and draining their resources. Under New York law, however, the mere "institution of a civil action by summons and complaint is not legally considered process capable of being abused." *Curiano v. Suozzi*, 63 N.Y.2d 113, 116, 469 N.E.2d 1324 (1984). The New York Court of Appeals has explained that, to qualify as legal process for purposes of an abuse-of-process claim, the court-issued writ must not only "direct[] or demand that the person to whom it is directed shall perform or refrain from the doing of some prescribed act," but also "interfere[] with one's person or property." *Williams*, 23 N.Y.2d at 596 (internal quotation marks omitted). Because no such interference flows from the issuance of a civil summons, the commencement of a civil action cannot, by itself, support a plaintiff's claim for abuse of process, even when the civil action was "intended to cause the plaintiff[] expense and to burden [him] with the defense of a protracted legal proceeding." *Curiano*, 63 N.Y.2d at 116 (internal quotation marks omitted); *see also Williams*, 23 N.Y.2d at 596. Given the disinclination of New York courts to say that the institution of a frivolous lawsuit is actionable as abuse of process, we decline to adopt Plaintiffs' novel argument that those courts would treat the aggregation of such suits differently. *See Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994) ("Where the substantive law of the forum state is uncertain or ambiguous, the job of the federal courts is carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity.").

For similar reasons, Plaintiffs cannot successfully rest their abuse-of-process claim on Defendants' use of appeals, objections, and motions to prosecute their civil lawsuits against Plaintiffs. *See PSI Metals, Inc. v. Firemen's Ins. Co. of Newark*, 839 F.2d 42, 43 (2d Cir. 1988) (concluding that, under New York law, "there could be no abuse of process claim where the only process employed by the defendant was the filing of an answer and counterclaim"). Those various court filings do not qualify as legal process because these mechanisms do not require Plaintiffs to "perform or refrain from the doing of some prescribed act" and are no more encumbering of Plaintiffs' persons or property than a civil summons and complaint.

4

*Julian J. Studley, Inc. v. Lefrak*, 41 N.Y.2d 881, 884, 362 N.E.2d 611 (1977) (holding that a defendant's filing of an affidavit requesting that an agency investigate a plaintiff's alleged misdeeds does not constitute legal process).

Plaintiffs argue that they satisfied the first element of an abuse-of-process claim because they alleged that Defendants employed depositions, subpoenas, and other tools of the discovery process to harass Plaintiffs. These forms of process might form the basis of an action for abuse of process. *See Roelcke v. Zip Aviation, LLC*, No. 15-CV-6284, 2019 U.S. Dist. LEXIS 4257, at *13 ("While the mere institution of a civil action by summons and complaint is not legally considered a process that is capable of being abused for the purposes of this tort, repeated and improper use of other processes in combination with the filing of a civil lawsuit has been found sufficient to state a cause of action for abuse of process.") (citing cases). We do not address the merits of Plaintiffs' argument, however, because it is waived. Plaintiffs did not present this argument to the district court, and "[i]t is a 'settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir. 2001) (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)). Plaintiffs cannot now rely on a theory they failed to develop before the district court.

* * *

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. Accordingly, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5