WA Rte. 9, LLC v PAF Capital LLC (2021 NY Slip Op 03013)





WA Rte. 9, LLC v PAF Capital LLC


2021 NY Slip Op 03013


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 


Index No. 651688/12 590475/12 590603/12 Appeal No. 13821 Case No. 2020-03173 

[*1]WA Route 9, LLC, Plaintiff,
v
PAF Capital LLC, Defendant,
PAF Capital LLC, Third-Party Plaintiff,
v
Jacob Frydman, et al., Third-Party Defendants.
Jacob Frydman, Fourth-Party Plaintiff- Respondent,
v
David Lichtenstein, et al., Fourth-Party Defendants- Appellants, The Lightstone Group, et al., Fourth-Party Defendants.


Reiss Sheppe LLP, New York (Matthew Sheppe of counsel), for appellants.
The Law Offices of Neal Brickman, P.C., New York (Neal Brickman of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered July 29, 2019, which, to the extent appealed from, denied fourth-party defendants David Lichtenstein and PAF Capital, LLC's motion for summary judgment dismissing the fourth-party complaint as against them, unanimously affirmed, without costs.
Lichtenstein and PAF failed to demonstrate as a matter of law that the third-party action brought by PAF against fourth-party plaintiff (Frydman) was not a sham filed solely to defame Frydman and that therefore the various documents and other commentary that Lichtenstein and PAF and their agents published on the Internet about the third-party complaint and its allegations are protected by Civil Rights Law § 74 (see Williams v Williams, 23 NY2d 592, 599 [1969]).
Nor did Lichtenstein and PAF demonstrate as a matter of law that the alleged libelous statements were true (see Stepanov v Dow Jones & Co., Inc., 120 AD3d 28, 34 [1st Dept 2014]). Frydman's affidavit about his 2009 personal financial statement is not fraudulent on its face. It reflects a penciled mark-up substantially reducing the value of his assets, which PAF and Lichtenstein did not conclusively show was a material misrepresentation, when the real estate market was in free fall and the credit markets were frozen, causing significant devaluation.
Contrary to Lichtenstein and PAF's contention, the allegedly defamatory statements cannot be considered pure opinion simply because they were published on anonymous Internet message boards and similar sites. While the context of allegedly defamatory statements must be considered, the statements at issue imply, or arguably even state, that they are based on objective facts (see Guerrero v Carva, 10 AD3d 105, 111-112 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021