RCI Hosp.ity Holdings, Inc. v White (2023 NY Slip Op 04949)

RCI Hosp.ity Holdings, Inc. v White

2023 NY Slip Op 04949

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Oing, J.P., Friedman, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 161752/19 Appeal No. 689 Case No. 2022-00810 

[*1]RCI Hospitality Holdings, Inc. et al., Plaintiffs-Respondents,
v
Scott White, Defendant-Appellant.

Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Ethan A. Kobre of counsel), for appellant.
Akerman LLP, New York (Jeffrey A. Kimmel of counsel), for respondents.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered February 9, 2022, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the cause of action for defamation pursuant to Civil Rights Law § 74, unanimously affirmed, with costs.
The court correctly declined to dismiss plaintiffs' defamation claim under the "fair report privilege" (Civil Rights Law § 74) on the ground that plaintiffs adequately asserted the exception to that privilege set forth in Williams v Williams (23 NY2d 592 [1969]). Civil Rights Law § 74 provides, in relevant part, that a "civil action cannot be maintained against any person . . . for the publication of a fair and true report of any judicial proceeding." Williams held that the protection of the statute may not be invoked where a party maliciously institutes a judicial proceeding alleging false and defamatory charges as a vehicle to publish and disseminate those charges (see Williams, 23 NY3d at 599). As is clear from the Court of Appeals' most recent discussion of it, the Williams exception applies and prevents early dismissal of a defamation claim where there are nonconclusory allegations that raise a question of fact as to whether the underlying litigation was maliciously instituted for the purpose of defaming or pressuring a party into taking certain action, such as renegotiation of a contract (see Gottwald v Sebert, — NY3d —, —, 2023 NY Slip Op 03183, *3 [2023]).
Here, the complaint adequately asserts the exception based on the allegations that defendant employed a strategy to avoid paying monies that he owed to plaintiffs' clubs by falsely accusing plaintiffs of drugging and robbing him in the press, in the hope that plaintiffs' "fear of unwanted negative press would result in them rushing to quiet his false claims" by reversing the charges that he had paid and offering additional "hush money." The complaint further alleges that defendant previously filed the summons with notice containing the false and defamatory allegations in order to "bolster the narrative [he] gave to the press, and to paint himself as a bona fide claimant."
Because plaintiffs' defamation claim was not frivolous, defendant's request for sanctions under CPLR 8303-a and 22 NYCRR 130-1.1 was properly denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023