■ Douglas Morrison, Respondent, v Lillian Poullet, Appellant. [643 NYS2d 185] —In an action to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated June 26, 1995, which denied her motion, *inter alia,* for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying that branch of the motion which was for summary judgment dismissing the complaint, and substituting therefor a provision granting that branch of the motion and dismissing the complaint; as so modified, the order is affirmed, with costs to the defendant.

The plaintiff, an employee of the New York City Board of Education, commenced this libel action against the defendant based on an allegedly defamatory letter sent by the defendant to the plaintiff's supervisor. The letter characterized the plaintiff as "unprofessional [*sic*], disrespectful, rude, and even accusatory" in conducting a job interview of the defendant and "verbally abusive" in discussing her lack of qualifications. We agree with the defendant that the complaint should be dismissed.

A review of the record demonstrates that the statements complained of constituted nonactionable opinion, inasmuch as they were vague, indefinite, and subjective characterizations which could not be objectively verified (*see generally, Immuno AG. v Moor-Jankowski,* 77 NY2d 235, *cert denied* 500 US 954; *Steinhilber v Alphonse,* 68 NY2d 283; *Hollander v Cayton,* 145 AD2d 605). Moreover, examining the remarks in the context of the entire letter and in the setting under which they were made, we conclude that a reasonable reader would understand them to be expressions of pure opinion rather than a statement of facts or of opinion based on undisclosed facts (*see generally, Gross v New York Times Co.,* 82 NY2d 146; *Steinhilber v Alphonse, supra; Hollander v Cayton, supra).*

The defendant has failed to present any factual or legal argument which would warrant the granting of her request for additional relief. Mangano, P. J., Sullivan, Altman and Hart, JJ., concur.