■ ALEX BOHM, Appellant-Respondent, v KARP, SILVER, GLINKENHOUSE & FLOUMANHAFT, et al., Respondents-Appellants. [714 NYS2d 766] —In an action to recover damages for libel, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered October 28, 1999, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action based upon the characterization of the plaintiff's conduct as "obnoxious" in a letter dated September 10, 1996, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the remaining cause of action based upon their recitation in the letter dated September 10, 1996, of a derogatory term used by the plaintiff.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, that branch of the defendants' motion which was to dismiss the cause of action based upon the recitation in the letter dated September 10, 1996, of a derogatory term used by the plaintiff is granted, and that cause of action is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

At issue here is whether a letter dated September 10, 1996, written by the defendants, describing the plaintiff's conduct as "obnoxious" and accusing him of using a specific derogatory term in reference to their associate, was libelous. The Supreme

Court found that the use of the term "obnoxious" constituted nonactionable opinion. We agree (*see, Morrison v Poullet,* 227 AD2d 599; *Serratelli v Hick, Muse, Tate & Furst,* 1998-1 Trade Cases/CCH, at 72,193). The plaintiff admitted that he told the defendants their associate's conduct gave "us" a bad name and when asked what bad name, used the derogatory term specified in the defendants' letter or "something like that". Therefore, the defendants' statements were substantially true (*see, Carter v Visconti,* 233 AD2d 473).

Accordingly, the defendants are entitled to summary judgment dismissing the action in its entirety. Ritter, J. P., Santucci, Goldstein and Feuerstein, JJ., concur.