16-1216-cv
Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand seventeen.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

------------------------------------------------------------------------

ROMEO & JULIETTE LASER HAIR REMOVAL, INC.
d/b/a ROMEO & JULIETTE HAIR REMOVAL,
                    *Plaintiff-Appellee*,

                    v.                                   No. 16-1216-cv

ASSARA I LLC, d/b/a ASSARA LASER CENTER NYC,
WILL SHUMAN,
                    *Defendants-Appellants*,

ASSARA LASER, MANHATTAN LASER HAIR
REMOVAL, JAY SHUMAN a/k/a JEROME SHUMAN,
DR. SAM TAYAR, DAVID TAYAR,
                    *Defendants*.*

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:       WILL SHUMAN, Esq., New York, New York.

---

\* The Clerk of Court is directed to amend the case caption as set forth above.

APPEARING FOR APPELLEE:          CLAUDIA G. JAFFE (David K. Fiveson, *on the brief*), Butler, Fitzgerald, Fiveson & McCarthy, P.C., New York, New York.

Appeal from a judgment of the United States District Court for Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 20, 2016, is AFFIRMED.

Defendants Assara I LLC ("Assara") and Will Shuman appeal from a permanent injunction granted on summary judgment to plaintiff Romeo & Juliette Laser Hair Removal, Inc. ("R&J") as to state common-law and federal claims of unfair competition, disparagement, and defamation. *See* 15 U.S.C. § 1125(a). Defendants argue that the district court erred in granting injunctive relief and in fashioning an overbroad injunction while denying their motion to dismiss on mootness grounds. We review the district court's summary judgment award, denial of dismissal, and legal conclusions regarding injunctive relief *de novo*. *See Expressions Hair Design v. Schneiderman*, 808 F.3d 118, 127 (2d Cir. 2015); *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013). We review the grant of a permanent injunction for abuse of discretion. *See Expressions Hair Design*, 808 F.3d at 127. Insofar as defendants further appeal an award of attorneys' fees to R&J, we review a decision awarding fees for a violation of 15 U.S.C. § 1125(a) for abuse of discretion. *See* 15 U.S.C. § 1117(a); *Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, 268 (2d Cir. 2011). We assume the parties' familiarity

2

with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Injunctive Relief

Defendants argue principally that R&J failed to demonstrate the present or future injury necessary for injunctive relief because (a) no negative comments about R&J were posted after 2009, and (b) Assara allegedly went out of business in 2015. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (holding that grant of permanent injunction requires (1) irreparable injury, (2) inadequacy of other remedies, (3) that injunction be "warranted" given balance of hardships, and (4) that public interest would not be disserved).[1] Presuming that this argument is not precluded by defendants' covenant not to publish statements regarding R&J's business, it fails as a matter of law.

Even if Assara has closed and the challenged postings ceased before this litigation concluded (a matter R&J contests), the record shows that defendants could reopen Assara and return to their prior business practices, an inference supported by the continued registration of Assara as an active business entity, maintenance of a fully operational website,[2] and correspondence suggesting defendants' contemplated purchase of a laser

---

[1] Defendants' argument that no liability judgment could be entered in favor of R&J because it had abandoned its damages claims merits no discussion because R&J's injunctive-relief claim required success on the merits. *See Davis v. Shah*, 821 F.3d 231, 243 (2d Cir. 2016).

[2] *See* Assara: Beauty Perfected, http://www.assaralaserhairremoval.com (last visited Feb. 13, 2017); *see also Search the Corporation & Business Entity Database*, New York State Dep't of State, Div. of Corps., State Records & UCC, https://www.dos.ny.gov/corps/

hair-removal machine as recently as November 2015. Defendants' self-serving representation that they would not reopen a competing business or further defame R&J was not enough to raise a triable issue of fact regarding injury, particularly where, as here, defendants were shown to have falsely denied being the source of the challenged defamatory postings, and defendants' counsel had been sanctioned for misrepresentations to the magistrate judge.

2.    Mootness

For substantially the same reasons, R&J's application for injunctive relief was not moot.    No different conclusion is warranted by defendants' covenant not to compete and to cease making public comments regarding R&J because that unnotarized document bears misdated signatures, is not signed by R&J, and was not offered until after R&J moved for summary judgment.    Thus, as a matter of law, it could not be found to make "*absolutely clear*" that no further defamatory behavior could reasonably be expected to recur.    *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) (emphasis in original) (internal quotation marks omitted).

3.    Unclean-Hands and Laches Defenses

Defendants fault the district court's rejection of their unclean-hands and laches defenses.    The former argument fails because that defense rested on allegations that R&J inflated its own on-line customer reviews, conduct unrelated to the defamatory postings at issue.    *See Dunlop-McCullen v. Local 1-S, AFL-CIO-CLC*, 149 F.3d 85, 90 (2d Cir.

---

bus_entity_search.html (last visited Feb. 13, 2017) (enter "Assara" under "Business Entity Name," then press "Search Database").

4

1998) (stating that "misconduct unrelated to the claim to which it is asserted as a defense, does not constitute unclean hands" (alterations and internal quotation marks omitted)). As to laches, defendants fail to show that they have been prejudiced by plaintiff's delay in formally suing for injunctive relief from the start because this litigation placed defendants on clear notice that R&J wished the challenged postings to stop. *See ProFitness Physical Therapy Ctr. v. Pro-Fit Orthopedic & Sports Physical Therapy P.C.*, 314 F.3d 62, 67–68 (2d Cir. 2002).

In sum, we identify no error either in the district court's grant of a permanent injunction or in its denial of dismissal.

4.    Scope of Injunctive Relief

Defendants challenge the injunction granted as void for vagueness and violative of the First Amendment. The argument fails because the injunction's prohibition on speech that is false, misleading, defamatory, or disparaging effectively enforces defendants' own covenant not to engage in such speech. *See Safelite Grp., Inc. v. Jepsen*, 764 F.3d 258, 261 (2d Cir. 2014) (stating that government's prohibition of "commercial speech that is false, deceptive, or misleading" does not violate First Amendment (internal quotation marks omitted)); *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 673 F.3d 192, 204–05 (3d Cir. 2012) (noting that parties may waive First Amendment challenge by knowingly and voluntarily entering into decree restricting speech); *see generally In re Refco Inc.*, 505 F.3d 109, 120 (2d Cir. 2007) (stating that party consenting to relief is "deemed to waive any objections" thereto (internal quotation

5

marks omitted)). Indeed, the injunction is narrower than the covenant, which could be construed as defendants' agreement not to make *any* public statements regarding R&J's business, regardless of their nature.

To the extent defendants object to the absence of a time limit, they offer no reason, in light of their prior business and litigation conduct, why a limited term should have been required. *Cf. ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 753 (10th Cir. 2011) (concluding that appellants' "contemptuous conduct" occurring after trial "clearly support[ed]" entering injunction of unlimited duration).

Defendants also challenge the injunction as vague or overbroad in enjoining its "successors and assigns." App'x 323. But that language merely safeguards against circumvention of the injunction. *See New York ex rel. Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 70 (2d Cir. 1996) (recognizing that, "in appropriate circumstances," injunction may be "enforced against those to whom the business may have been transferred," such as "[s]uccessors and assigns" (internal quotation marks omitted)); *see also* Fed. R. Civ. P. 65(d)(2)(C) (deeming injunctions binding against those "in active concert or participation" with named parties).

Accordingly, defendants' overbreadth challenge fails on the merits.

5.    Attorneys' Fees

While defendants purport to appeal the district court's award of attorneys' fees, they mention it only in passing and do not explain how or why the district court erred.[3] That does not suffice to raise the matter for our consideration. *See Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009) ("Merely mentioning [a] relevant issue in an opening brief is not enough; issues not sufficiently argued . . . will not be considered on appeal." (internal quotation marks and alteration omitted)).   Accordingly, the district court's fees order is affirmed.

6.    Conclusion

We have considered defendants' other arguments and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] The $30,000 fee award was in addition to Shuman's $1,000 fine for lying to the magistrate judge and the $6,945 in attorneys' fees awarded in connection with R&J's motion to compel.