Matter of Oved & Oved LLP v Google, LLC (2024 NY Slip Op 05142)

Matter of Oved & Oved LLP v Google, LLC

2024 NY Slip Op 05142

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ. 

Index No. 161870/23 Appeal No. 2845 Case No. 2024-02095 

[*1]In the Matter of Oved & Oved LLP, Petitioner-Appellant,
v
Google, LLC, Respondent-Respondent.

Oved & Oved LLP, New York (Andrew L. Kincaid of counsel), for appellant.
Perkins Coie LLP, New York and Perkins Coie LLP, Phoenix, AZ (Michael R. Huston of the bar of the State of Arizona and the District of Columbia, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about March 8, 2024, which denied the petition for disclosure to aid in bringing an action under CPLR 3102(c) and granted the cross-motion to dismiss the petition, unanimously affirmed, without costs.
Pre-action discovery was properly denied. Petitioner failed to demonstrate that it had a meritorious defamation claim (see generally CPLR 3102[c]; Matter of Uddin v New York City Tr. Auth., 27 AD3d 265, 266 [1st Dept 2006]) because the alleged defamatory statements are nonactionable statements of pure opinion (see generally Davis v Boeheim, 24 NY3d 262, 269-270 [2014]).
The statement that petitioner "has rude attorney's [sic]" does not have a precise meaning that is capable of being proven true or false, as what is rude to one person may not be perceived as rude to another (see Morrison v Poullet, 227 AD2d 599, 599 [2d Dept 1996]; Hakimi v Guidant Global, 2023 WL 8005321, *8, 2023 US Dist LEXIS 207954, *25, [SD NY, Nov. 17, 2023, 22 Civ 8765 (KPF)]; Romeo & Juliette Laser Hair Removal, Inc. v Assara I LLC, 2016 WL 815205, *2, *8, US Dist LEXIS 24850, *7, *23, 2, [SD NY, Feb. 29, 2016, 08cv0442(DLC)], affd 679 Fed Appx 33 [2d Cir 2017]; see also generally Goldfarb v Channel One Russia, 663 F Supp 3d 280, 303 [SD NY 2023]).
It is not clear what the statement that petitioner has "high amounts of censorship" was intended to convey. It is not clear how a private law firm could engage in censorship, even as that term is used colloquially. We reject petitioner's suggestion that the statement implies that it engaged in conduct in violation of its ethical obligations under Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3, 3.4, 4.1, and 8.4. These rules involve the concealment of one's own documents or information, not the suppression of documents or speech by others, which is the essence of censorship. If the statement means anything at all, it is the type of "[l]oose, figurative or hyperbolic statement[]" that is not actionable, "even if deprecating the plaintiff" (Dillon v City of NY, 261 AD2d 34, 38 [1st Dept 1999]).
The statements also do not imply knowledge of undisclosed facts, as required to constitute statements of mixed opinion (see generally Davis v Boeheim, 24 NY3d at 269).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024